W. Woods, ordinary, plaintiff in error, *vs.* E. C. Jones, defendant in error.

1. Generally a judgment of reversal embracing no special directions, simply vacates the judgment excepted to, and is to be followed by a new trial in the court below: *15 Georgia Reports, 653.*

2. After a judgment in favor of a creditor upon a money rule against the sheriff has been reversed, on the ground that the creditor's lien is not superior, but inferior, to a competing order setting the fund apart for the debtor's family under the homestead and exemption laws, the creditor, upon the new trial, may still attack the order as void for want of jurisdiction in the ordinary when it was granted, that question not having been made on the first trial nor passed upon by the supreme court. In such a case the validity of the order is not *res adjudicata,* but only its priority as compared with the creditor's lien.

3. There being (as held in the case of *Pate vs. The Oglethorpe Company, 54 Georgia Reports, 515,*) no provision of law for setting apart a second or supplemental homestead, etc., the second order of the ordinary is without jurisdiction and void.

4. A first application which has been granted and approved is not void because the applicant did not allege, in terms, that he was the head of a family, when the application shows on its face that it was made "for the use and benefit of his family," and when the same creditor, who is now a party before the court, appeared and filed objections on other grounds, but none on this ground.

5. The ordinary's approval at the close of the homestead or exemption papers, as duly recorded in the clerk's office, will be construed as applying to the application, and not to objections filed by a creditor, although the objections be set out in the record between the application and the entry of approval.

Judgments.   New trial.   Practice in the Supreme Court. Homestead.   Debtor and creditor.   Before Judge BARTLETT. Morgan Superior Court.   September Term, 1875.

On January 31st, 1870, one James R. Martin applied to the ordinary of Bartow county for an exemption of personalty, to be set apart for the use and benefit of his family, the items specified aggregating in value $669 25.   E. C. Jones objected upon the ground that the applicant, in the year 1869, entered into a contract with him, binding all this personal property, to secure the payment for provisions furnished to the applicant to enable him to raise his crops during that year. As the record is presented here, following this objection is the approval of the ordinary.

On December 30th, 1872, Martin filed his petition with the ordinary of Morgan county; in which he set forth the aforesaid proceedings in Bartow, and also that he had since become a citizen of Morgan ; that he was the head of a family consisting of a wife and six children; that the exemption allowed by the ordinary of Bartow county did not amount to $1,000 00; that he has in the hands of Antoine Poullain, jr., about $200 00, which he prays may also be exempted to him.   On the day appointed for the hearing the applicant amended his petition by setting forth other items of personalty to be exempted, amounting to $187 00, and by annexing a schedule thereof, as well as of the money in the hands of Poullain.

Upon this petition the ordinary ordered that the personalty therein specified be set apart as exempt, and that the $200 00 be invested in any personalty desired by the petitioner.

On January 30th, 1874, Martin again petitioned the ordinary, setting forth the proceedings aforesaid, for the exemption of an execution for $100 00, with interest, which he had obtained against one Henderson Taylor.   This was also allowed.

Notice having been served upon Antoine Poullain, jr., to pay over the fund in his hands to the ordinary, for the pur-

pose of investment for the benefit of Martin and family, he declined upon the ground that process of garnishment had been served upon him at the instance of Jones. At the September term, 1874, of the superior court, Poullain, under direction of the court, paid over the amount due Martin to the sheriff, to be held subject to further order. Jones, having obtained judgment against Poullain, as garnishee, and placed the execution issued thereon in the hands of the sheriff, obtained a rule against the sheriff, requiring him to show cause why such fund should not be paid over to him. To this proceeding the ordinary, for the use of Martin and his family, was made a party. The sheriff answered that he had been served with notice by said ordinary that he claimed such fund for the use of the wife and minor children of Martin, to be invested under the exemption laws.

The court ordered the fund to be paid to Jones, and the ordinary excepted. This judgment was reversed by the supreme court at the January term, 1875, "on the ground that the court erred in ordering the money in the sheriff's hands to be paid in satisfaction of the *fi. fa.* in favor of Jones against Martin, on the statement of facts disclosed in the record." When the *remittitur* was made the judgment of the superior court, the ordinary moved an order directing the sheriff to pay the fund over to him in accordance with the decision of the supreme court. Jones objected upon the ground that the only right which the ordinary had to such fund was based on a second or supplemental homestead granted to Martin without authority of law. The ordinary replied that such objection was covered by the judgment rendered by the supreme court, as it disposed of the fund; that as this point had not been insisted on in the first instance, it was too late to rely upon it now.

The court sustained the objection, and again ordered the fund to be paid to the *fi. fa.* in favor of Jones. To this judgment the ordinary excepted.

McHENRY & McHENRY, for plaintiff in error.

Daniel *vs.* Donaldson.

SEABORN REESE, for defendant.

BLECKLEY, Judge.

The reporter's statement will give the facts, and the head-notes the law, of this case. It will be noticed that the second hearing in the court below was not on exactly the same evidence as the first. But without that difference, it would be the sounder ruling to hold, as we do, that a defect rendering a suitor's title to a fund *void*, would not be presented too late at any active stage of the case prior to its final disposition. Such an objection should be heeded so long as the fund in contest is within the power of the court, unless it has already been considered, and some direct ruling made upon it.

Judgment affirmed.