RUSSELL *et al. v.* MOHR-WEIL LUMBER COMPANY, and *vice versa.*

1. When by consent a case presenting issues of fact made by exceptions to an auditor's report is tried by the judge without a jury, it is not essential that he should, before rendering a final judgment, enter a formal order specifying which, if any, of such exceptions are approved. Under such circumstances, the judge, in dealing with each of the exceptions, passes concurrently upon both the question of approving and that of sustaining the same; and approving is tantamount to sustaining.

2. An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what that evidence was.

3. It is proper for a trial judge, upon a new trial which this court has ordered, to treat its rulings upon all questions passed upon here as decisive thereof,

and highly improper for counsel to again bring up those questions in the same case.

4. Sustaining an exception to an auditor's report which has for any reason been eliminated from the record is not harmful to the party complaining thereof, where the same question as that presented by such exception is well made in other and meritorious exceptions.

5. Substantial damages can not properly be allowed upon evidence sufficient only to support an award of nominal damages.

6. Exceptions to an auditor's report which this court has held were properly stricken on demurrer can not, on another trial below, be by amendment again brought into the case ; nor is any amendment necessary as to exceptions which this court has adjudged to be good both in form and in substance.

7. It would not in such a trial be proper to allow a new and distinct exception to be filed, where there was no satisfactory reason or excuse for not filing it in due time,

Argued January 8, — Decided March 31, 1902.

Exceptions to auditor's report.    Before Judge Roberts.    Wilcox superior court.    May 23, 1901.

*Hal Lawson, Eldridge Cutts, Hoke Smith & H. C. Peeples,* for Russell *et al.*

*Hardeman, Davis, Turner & Jones* and *E. H. Williams,* contra.

LUMPKIN, P. J.   This case was here at the October term, 1899. See 109 *Ga.* 579–591.   It was then returned to the lower court for another hearing upon certain exceptions to an auditor's report, filed in behalf of the Lumber Company.   At the trial now under review, the case was, by consent of the parties, submitted to the presiding judge without the intervention of a jury, and resulted in a decree in favor of the company.   Russell and his wife thereupon sued out a bill of exceptions in which complaint is made of this outcome of the trial, and in which error is assigned upon various rulings made during the progress of the hearing below.   There is also before us a cross-bill sued out by the Lumber Company, in which it excepts to certain rulings favorable to its opponents.

1. It was contended here, in behalf of the Russells, that it was incumbent on the trial judge, before undertaking to finally dispose of the case on its merits, to pass an order specifying which, if any, of the exceptions to the auditor's report were approved.   The fact that his honor did not pursue this course is verified by his certifying their bill of exceptions ; but as they consented that he should try the case without a jury, it is obvious that the entering of such an order would have amounted to neither more nor less than a useless formality.

2. They further insist that the trial judge committed error in excluding certain documentary evidence which they offered to show had been omitted from the brief of evidence filed by the auditor in accordance with an order of court. As the evidence referred to is not set forth, either literally or in substance, in their bill of exceptions, we can not undertake to pass upon the merits of this complaint.

3. When this case was here at the term above mentioned, we distinctly held that the court below erred in overruling the 2d and 3d exceptions of law filed by the Lumber Company to the auditor's report. Despite this fact, the Russells are now pressing before us assignments of error upon the action of the trial judge in sustaining these two exceptions agreeably to the decision of this court just referred to. These assignments of error border very closely upon a contempt of this court. We also explicitly ruled that his honor of the trial bench committed error in striking on demurrer the 3d, 4th, and 6th exceptions of fact, and the 4th and 8th exceptions of law. The ground upon which they were attacked was, that they did not with sufficient distinctness present any question for decision. We not only held that this objection to them was not well taken, but that, in view of the pleadings and evidence, they were meritorious. That is to say, before undertaking to reverse the judgment striking the same, we went into the merits of the case with a view to determining whether or not the error committed in thus disposing of them was attended with injury to the complaining party. Our conclusion was that they were exceptions which the trial judge might very properly approve, if, after considering the evidence pro and con, he should be of the opinion that the findings of the auditor thereby attacked were not in accord with the real truth and justice of the case. This being so, suffice it to say that the assignments of error whereby complaint is made by the Russells that, on the last hearing below, the presiding judge entertained that opinion, can avail them nothing. They chose to waive a jury trial, and are therefore concluded by the view which he took of the above-mentioned exceptions to the report of the auditor.

4. It was, as is further insisted by them, clearly erroneous for his honor to approve the 2d exception of fact and the 7th exception of law. His so doing did not, however, operate to their prej-

udice. Prior to the last hearing in the court below, the 2d exception of fact had been entirely eliminated from the case by the express ruling of this court that it was not well taken, the assertion therein made that there was *no* evidence to sustain the finding of the auditor of which complaint was made being, in point of fact, untrue. While we further held that this exception could not properly be treated as presenting the objection that the finding of the auditor was not in accord with the weight or preponderance of the evidence, we took the precaution to add: "This question is, however, properly raised by one of the exceptions now under consideration, and should be dealt with by the trial court, along with other matters hereinabove pointed out, at the next hearing." See 109 *Ga.* 590. So it is apparent that by approving the 2d exception of fact, the judge who presided at the last trial did not give to the Lumber Company the benefit of any contention which it had no right to urge.

It appears that at a previous hearing of the case, the company voluntarily withdrew its 7th exception of law. This fact was overlooked by the judge before whom the case again came on for trial, and he adjudged that in so far as this exception related to "the right of the plaintiff to retain the possession of the said mill for a period of five years," it was well taken. While, for the reason just indicated, he should have ignored this exception, his ruling thereon had no practical effect upon the outcome of the case. The question thereby presented was also raised by the 2d, 3d, and 8th exceptions of law, and this court, in passing thereon, had explicitly held, as matter of law, that, under the express terms of the contract between the Lumber Company and the Russells, "the company, at its option, was entitled to keep possession of the mill and operate it for the term of five years from the date of the last writing, if it complied with its undertakings therein expressed." In other words, this was a matter which was res adjudicata.

5. We also held, in this connection, that "if the company did not, by failing properly to perform its undertakings in the premises, commit a breach of that contract before Russell entered upon and resumed possession of the property, he was guilty of a trespass, and the company was entitled to recover damages therefor." This issue the judge decided in favor of the Lumber Company, and awarded it damages in the sum of $2,500. To this finding against them the Russells except, "because the evidence did not warrant any dam-

ages at all, no trespass having been committed by defendants, and the amount of damages was grossly excessive even had the defendants been guilty of a trespass." That the evidence warranted a finding that a trespass was committed was decided when the case was here before, and our ruling on this point should have been regarded as final and conclusive. The complaint that the award of damages was excessive in amount is, however, fully justified. Indeed, a careful review of the evidence enables us to say with certainty that while a finding of nominal damages would have been altogether proper, there was no proof whatsoever as to the amount of actual damages sustained by the Lumber Company as a result of the alleged trespass. For the reason just indicated, and for this reason alone, our judgment upon the main bill of exceptions is one of reversal. We were earnestly requested by counsel for both sides to render a judgment finally disposing of this protracted and tedious litigation. Without so ordering, we venture the suggestion that if the judgment now under review be amended by striking therefrom the award of damages and then allowed to stand, it would be about as satisfactory a disposition of the case as is ever likely to be reached by the courts.

6. This brings us to a consideration of the assignments of error presented by the cross-bill. Complaint is therein made that "the court erred in not finding in favor of the first exception of fact," and " in finding against the exception filed to the first " conclusion of law set forth in the auditor's report. On the first trial in the lower court both of these exceptions were stricken on demurrer, and its action in thus disposing of them was upheld by this court. It would, therefore, seem that even a lumber company ought to have known that this put an end to the matter. An effort was made on the last hearing to resuscitate these lifeless exceptions by offering to amend the same. That it proved unsuccessful does not justify surprise. His honor also very properly declined to allow certain amendments which could have served no purpose other than to amplify other exceptions which this court had already passed on and held to be good both in form and in substance. An embellishment of them was therefore uncalled for and wholly unnecessary.

7. It further appears that the Lumber Company made an ineffectual attempt to introduce, under the guise of a proposed amendment, an entirely new and distinct exception to the report of the

auditor. It set forth the complaint that he "erred in rejecting" certain charges embraced in the company's account against the Russells, which were "specified in his Exhibit 'D' to said report as items eliminated," but did not undertake to point out the alleged error otherwise than by making the bare assertion that all of the "items so eliminated by said auditor he should have found in favor of plaintiff." The only reason assigned for not sooner presenting this exception was, that while the auditor duly made a report in writing, he did not accompany it with a brief of the documentary evidence submitted on the hearing before him, and no such brief was filed until after the time for excepting to his report had expired. It was shown that the Lumber Company did promptly apply for and secure an order of court requiring the auditor to perfect his report by filing a brief of the documentary evidence; but, so far as appears, the court was not asked, because of this delinquency on the part of the auditor, to grant additional time within which to file exceptions to his report. Furthermore, all this had transpired before the first hearing in the lower court, and the excuse set up by the Lumber Company as accounting for its seeming lack of diligence should have been urged, if at all, in connection with the effort which it made at that trial to procure leave to file additional exceptions. That this excuse, even if then presented, would have constrained the court to allow an "amendment" such as that above referred to, is by no means clear. The exception thereby sought to be introduced was, as has been seen, of such a loose and general character that we are wholly at a loss to perceive why it might not have been prepared as well without as with the aid to be derived from a brief of the documentary evidence. This being so, we are by no means prepared to hold that his honor of the trial bench abused his discretion in refusing to permit the Lumber Company to thus tardily bring into the case new and distinct issues. See, in this connection, what was said on this subject when this case made its first appearance before us. 109 *Ga.* 579, 591. Certain it is that the company could not, as matter of right, claim any such privilege.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*