## MITCHELL *v.* SCHMIDT.

1. Under the facts of this case there was no error in refusing to recommit it to the auditor.
2. Where a case was referred to an auditor, exceptions were taken to his report, a trial was had thereon, and the case was brought to this court,

where it was held that there was nothing in the pleadings which raised an issue as to whether there had been a misappropriation of payments made by a debtor to a creditor holding more than one claim, and the point was not decided by the auditor, on the return of the case to the superior court a motion on the part of the defendant to file a plea raising that issue was properly overruled.

3. Where this court ruled that a certain issue was not made by the pleadings in a case, and that the judge of the trial court should have instructed the jury not to consider that question, on a second trial there was no error in not submitting to the jury an exception to an auditor's report which in substance raised the same question.

4. There was no error in directing a verdict in favor of the plaintiff.

Argued May 25, —Decided June 16, 1905.

Foreclosure of mortgage.    Before Judge Parker.    Wilcox superior court.    September 20, 1904.

Schmidt commenced a proceeding against Mitchell, in Wilcox superior court, to foreclose a mortgage. The defendant answered, showing cause against the foreclosure. The case will be found reported in 117 *Ga.* 6. The answer of the defendant is there sufficiently set out, except certain allegations and a prayer substantially as follows: Plaintiff and defendant have had large dealings for a number of years, and it is impossible for this defendant to set out an itemized statement of all said dealings, but they consisted of the shipment by defendant to plaintiff of quantities of timber and lumber which plaintiff bought from defendant according to measurement in Darien, where plaintiff resided; and after paying charges against such shipments, the balance should have been applied to such note and mortgage; and defendant has reason to believe that, upon a proper accounting, said plaintiff is indebted to him in a large sum. The ascertainment of the true status of accounts between the parties will require the investigation of numerous transactions and long and complicated accounts. "Wherefore defendant prays that said plaintiff be required to come to an accounting with this defendant, in order that the true indebtedness of said plaintiff to this defendant may be ascertained; and that upon the same being ascertained, the defendant may have judgment thereof." By amendment it was alleged that the defendant had made numerous payments by shipments of rafts of timber which were accepted by plaintiff at their cash value in Darien, and were to be credited on the note and mortgage sought to be foreclosed. An itemized

statement of the dates of receipt of the rafts by the plaintiff, the number of them, and the amount of cash value of each raft was set out as an exhibit. Defendant prayed for judgment against the plaintiff for the amount of excess of the payments over and above the note and mortgage. After the judgment on the first trial had been reversed and the case returned to the superior court, the defendant moved to recommit it to the auditor, in order that he might get the benefit of a plea of misappropriation of payments. This motion was overruled. He then tendered an amendment to his plea, setting up this defense. It was rejected. The defendant did not insist upon any of the exceptions to the auditor's report, except two, numbered respectively 10 and 13. On motion of the plaintiff the court directed a verdict in his favor. Defendant excepted.

*Haygood & Cutts*, for plaintiff in error.
*Hal Lawson*, contra.

LUMPKIN, J. (After stating the foregoing facts.) 1. There was no error in refusing the motion to recommit this case to the auditor. If it was not too late to make the motion, and if the presiding judge had a discretionary power in regard to it, he did not err in refusing it. On the subject of recommitting to an auditor, see *Littleton* v. *Patton*, 112 *Ga.* 438, (5); *Fleetwood* v. *Bibb*, 113 *Ga.* 618; *Sanford* v. *Tanner*, 114 *Ga.* 1006, 1015; *Cureton* v. *Cureton*, 120 *Ga.* 563.

2. It was determined by this court, when the case was previously before it, that there was nothing in the pleadings which raised the issue whether or not there had been a misappropriation of payments. But on that subject the jury could only inquire whether the demand to which the payments had been applied was correct, just, and due at the time they were made. When the case came on for trial after this ruling, it was sought to amend the pleadings by setting up, as a defense, misappropriation of payments. This the court rightly refused to allow. In *Cureton* v. *Cureton*, 120 *Ga.* 560, it was held that " An amendment to the pleadings, raising new and distinct issues, is not allowable after the filing of an auditor's report. But an amendment of a pleading to conform to the evidence submitted before the auditor without objection, and which does not raise any new issue, is permis-

sible." In that case it appears that evidence was introduced before the auditor without objection, on the subject of whether the demand of Cureton, one of the parties, was stale. He reported that Cureton, by his own delay and laches, lost his right to enforce contribution, and his demand was barred by the statute of limitations; but inasmuch as no plea of the statute of limitations had been filed, the auditor recommended that the pleadings so be amended as to set up this defense, and, when so amended, that such claim of Cureton be held barred by the statute. This court held, that, under such circumstances, the amendment was properly allowed. Mr. Justice Evans, delivering the opinion, said distinctly that " An amendment to pleadings setting up new and distinct issues is not allowable after the filing of an auditor's report. . . The matter to which the amendment related was involved in the original issue, and no new issue was raised." In the case at bar, as already noted, it has been distinctly held that there was no issue of misappropriation of payments made in the case as heard before the auditor. Therefore to file a plea to that effect now would be to raise a new and distinct issue. It was never intended, by what was said in *Cureton* v. *Cureton*, that if, in the course of an investigation before an auditor, some evidence should find its way into the record touching a point which was not in issue, after his report had been filed and a trial had, on exceptions to it one of the parties could so amend his pleadings as to set up a new and distinct issue based upon such casual statements or pieces of evidence. To allow this would be, as Mr. Justice Evans said, "to make trials interminable." On a hearing before an auditor many things may be said casually by witnesses, which are not objected to, or as to which there is no cross-examination, because they do not apply to any issue on trial and are considered of little or no consequence. To allow a party to proceed until he fails before the auditor, and then to file an entirely new plea based on such evidence, might work grave injustice or necessitate a reopening of the entire litigation. If there had been a misappropriation of payments to an older debt, the defendant must have known it before the auditor made his report.

3. The 13th exception merely seeks to have this same point submitted to the jury; which the defendant was not entitled to have done. The bill of exceptions stated that none of the ex-

ceptions to the auditor's report were insisted on at the last trial, except those numbered 10 and 13. Exception No. 13 has been disposed of by what has been said.

4. Exception No. 10 alleges error in the auditor's finding of fact which is numbered "5" in his report, on the ground that, to reach the conclusion therein stated, the auditor charged the defendant with interest on the mortgage debt at the rate of eight per cent. per annum, while it is contended that the evidence showed that subsequently to the date of the mortgage an agreement was reached whereby the defendant was not to be charged with any interest whatever, and that this was based on a valuable consideration and was binding. The auditor's finding of fact which is numbered "5," and to which this exception is directed, is as follows: "There was due and unpaid on said note on the 20th day of September, 1895, the sum of $1,396.44, and nothing has been paid on it since that date. There is now due said sum of $1,396.44, and interest on the same at eight per cent. per annum from said 20th day of September, 1895." Immediately following this finding in the auditor's report occurs finding of fact No. 6, which is as follows: "The items of interest included in the statements of account rendered by plaintiff and by Smith and Wylly to defendant, after October 30, 1891, were the interest on said note, and no other interest was charged. The agreement between plaintiff and defendant that no interest should be charged did not apply to said note." To this finding no exception was taken, or at least none is now insisted on or contained in the present record. Therefore it stands as being unexcepted to and conclusive. If the agreement to charge no interest did not apply to the note, then it follows, as matter of course, that in estimating the amount due on the note interest would be calculated at the rate stated in it. And therefore the exception to the finding numbered "5," standing alone, is without merit. It is contended by plaintiff in error that this case was one at common law, and not in equity, and therefore that exceptions of fact should have been submitted to the jury; or that, if it should be treated as an equitable proceeding, having already been submitted once to the jury it could not afterwards be withdrawn from their consideration by the presiding judge. It is immaterial whether either of

these positions be correct or not. The presiding judge did not strike or dismiss the exception, but directed a verdict, holding, in effect, that there could be but one finding by the jury. In this we concur with the judge. One exception being covered by the former ruling of this court, and the other point being concluded by a finding unexcepted to, and also being without merit, there was but one possible finding. Moreover, it was held, when this case was formerly here, that "The general rule is, that, in the absence of clear indications to the contrary, promises, each of which forms the whole consideration for the other, will not be held to be independent of one another; and a failure of one party to perform on his part will exonerate the other from liability to perform."

The plaintiff testified that the defendant did not deliver the timber as he agreed. In the brief of the defendant's evidence accompanying the auditor's report occurs the following statement: "When I applied for last advancement I told Mr. Schmidt that I expected to have a good deal of dealings with him. He declined to advance me money, and that stopped me. I could not go on without help, and his refusal to help me further placed me where I had to stop. (Objection to this evidence — no evidence to support it.) My recollection is I wrote him I could not go on because he would not advance balance of the five hundred dollars agreed on." Accompanying the auditor's report in the record, and apparently forming a part of it, is a statement of his rulings on the evidence. One of these is that "Plaintiff objects to defendant's testimony that he stopped sawing timber for plaintiff because the latter refused to make him further advances, on the ground that there is nothing in defendant's plea to support this evidence. Sustained, and evidence ruled out." As to considering this ruling, see *Tifton Ry. Co.* v. *Chastain*, 122 *Ga.* 250.

*Judgment affirmed.　　All the Justices concur, except Simmons, C. J., absent.*