## ALMAND v. THOMAS, trustee, et al.

1. The court did not err in setting aside the order previously passed, allowing an amendment to the defendant's answer, tendered by him after the filing of the report of the auditor.
2. The court did not err in approving the plaintiff's exceptions of fact to the portions of the auditor's report set forth in the bill of exceptions.
3. That portion of the charge to the jury in which the court defined to them a bona fide transaction as between certain of the defendants, and further instructed them as to the effect of a want of bona fides in the transaction, was not error for either of the reasons assigned.
4. The court did not err in giving the following charge to the jury: "You look to the petition, and the answer of Almand, and determine what paragraphs he has answered and what paragraphs he has not answered. Any statement of fact by the petitioners in the petition that is not answered by Almand is to be taken by you as prima facie true."
5. The court did not err in giving to the jury instructions under which they would be authorized to find that a fraudulent transfer of property by a member of a firm was void as against a suit by the trustee appointed in bankruptcy proceedings against the firm.
6. To avoid a conveyance made by one alleged to have been insolvent at its date, for the purpose of hindering, delaying, and defrauding his creditors, so as to subject the property to the claims of subsequent creditors, it should appear that the conveyance was made with the actual intention of defrauding such subsequent creditors.
7. The court erred in charging the jury in the present case, in substance, that if a conspiracy or scheme to defraud was shown, any admissions made by parties to the fraudulent scheme might be considered by the jury, without qualifying such instruction by adding that only the admissions made pending the conspiracy or fraudulent scheme should be considered, and not those made after the conspiracy was terminated or the fraudulent scheme executed.
8. Where a plaintiff in his petition waives discovery except as to responses to certain interrogatories propounded, the court, in instructing the jury upon the effect of the answer of the defendant, should distinguish between that part of the answer which is merely a part of the pleadings and that part which is in response to the interrogatories.

No. 632.   SEPTEMBER 13, 1918.

Equitable petition.   Before Judge Pendleton.   Fulton superior court.   August 24, 1917.

E. D. Thomas, as trustee in bankruptcy for S. M. Truitt & Son, a firm composed of S. M. Truitt and Charles L. Truitt, brought his equitable petition against Charles L. Truitt, S. M. Truitt, L. B. Jackson, H. A. Almand, and the Independent Transfer Company. It was alleged, that said firm, designated a copartnership, was engaged in the retail coal business; that the firm was adjudicated bankrupt, and this suit was brought by the plaintiff for and on behalf of the creditors scheduled in said bankruptcy proceedings;

24

that the firm scheduled one hundred and seventy-eight creditors, and admitted liability to them in the sum of $37,000; that the only tangible assets of the firm turned over to the receiver were certain personalty which was sold at judicial sale in bankruptcy for $1,935, and certain accounts in the sum of about $5,000, which were sold for $400; that prior to June 12, 1912, Charles L. Truitt was the owner of an interest in a certain lot on Peachtree street in Atlanta, which interest, about June 6, 1912, was transferred to H. A. Almand; and that on or about December 13, 1913, Charles L. Truitt executed to Almand a deed to the Peachtree street lot, reciting a consideration of $22,000, and on the same day Almand conveyed the property by deed for the sum of $22,000. It was charged that the transfer from Truitt to Almand was fraudulent and intended to hinder, delay, and defraud Truitt's creditors, and this purpose was known to Almand; that prior to June 6, 1912, Charles L. Truitt owned an interest in or title to certain other described tracts of land, which were conveyed by him to Almand; that these conveyances were likewise fraudulent, without consideration, and intended to hinder, delay, and defraud creditors, and this intent was known to Almand; that prior to the bankruptcy proceedings said partnership purchased large supplies in its name and to its credit, and conveyed them to the Independent Transfer Company, a corporation composed of the Truitts and members of their family, including H. A. Almand and L. B. Jackson, sons-in-law of S. M. Truitt; that the purpose of said corporation was to aid said partnership and the members thereof in the fraudulent concealment of their property from their creditors, and the conveyances by said partnership were with such fraudulent purposes; and that certain personalty was bought by the partnership and transferred to L. B. Jackson without consideration and for like fraudulent purposes. Discovery was prayed by the plaintiff as against Charles L. Truitt and H. A. Almand. Plaintiff prayed to set aside certain conveyances to Almand, and to recover from him the value of the Peachtree street lot; and affirmative relief was prayed against L. B. Jackson and the Independent Transfer Company. On motion of the plaintiff the suit was dismissed as to S. M. Truitt, who died subsequently to the filing of the petition, without prejudice to either party.

The court approved two of the exceptions of fact to the finding of the auditor to whom the case had been referred; and the issues

made by these exceptions were submitted to a jury, who returned a verdict sustaining the exceptions; whereupon the defendant Almand made a motion for a new trial, which was overruled, and he excepted.

*Westmoreland, Anderson & Smith,* for plaintiff in error.

*W. S. Dillon, Horton Brothers, Anderson & Rountree,* and *Dodd & Dodd,* contra.

BECK, P. J. (After stating the foregoing facts.)   It is unnecessary to set forth rulings made by the auditor upon the pleadings, and the motion to require certain of the defendants to answer over and more specifically the interrogatories propounded in the petition.   The questions raised in the record relate to the approval by the court of two exceptions of fact to the findings of the auditor, and to certain charges of the court, and to certain rulings made at the trial.

1.  After the report of the auditor was filed and certain exceptions thereto had been taken by the plaintiff and approved by the court, and during the progress of the trial of the issues made by the exceptions to the findings of the auditor, the defendant Almand sought to amend his answer, and tendered an amendment duly verified as required by law.   The court passed an order allowing the amendment and ordering it filed, but thereafter, upon motion of plaintiff's counsel, set aside the order and struck the amendment as improvidently allowed.   To this ruling Almand excepted. There was no error in setting aside the order allowing the amendment.   The amendment contains a series of paragraphs alleging that for want of sufficient information the defendant can "neither admit nor deny" the truth of a very large number of allegations in the plaintiff's petition.   These averments in the answer, in view of the materiality of certain of the paragraphs which had not been answered before the hearing by the auditor, set up matters material to the defense and raised issues which the plaintiff had the right to contest by evidence.   Under the ruling in several cases, the order allowing the amendment was properly stricken.   *Milner* v. *Mutual Benefit Building Assn.,* 104 *Ga.* 101 (3), 104 (30 S. E. 648); *Cureton* v. *Cureton,* 120 *Ga.* 559, 566 (48 S. E. 162); *Mitchell* v. *Schmidt,* 123 *Ga.* 418, 421 (51 S. E. 408).

2.  When all of the facts and circumstances proved upon the trial are considered, together with the admissions contained in the pleadings and the deductions which might properly be drawn from

them, it does not appear that the court erred in approving the exceptions of fact to the two divisions of the auditor's report numbered 1 and 2, referred to in the bill of exceptions; and the assignments of error upon the court's order approving these exceptions afford no ground for reversal of the judgment of the court below.

3. Complaint is made of the following charge to the jury: "A bona fide transfer upon a valuable consideration between Charles L. Truitt and H. A. Almand would not be void, and a bona fide transaction is one in which there was no intent on the part of Truitt to hinder and delay his creditors, or, if so made, of which H. A. Almand had no knowledge or reasonable ground for suspicion; but if you are satisfied by the evidence that either one of those things existed, it would not be a bona fide transfer." This portion of the charge was excepted to on the ground that there was no evidence in the case to authorize a statement to the jury of the question of the bona fides of any transfer between Charles L. Truitt and H. A. Almand; and it was also alleged to be erroneous because it did not distinguish between the creditors of Charles L. Truitt individually and those of S. M. Truitt & Son. This charge can not be approved in all respects nor be held to be free from inaccuracies, but it was not error for either of the reasons set forth in the assignment of error.

4. The court instructed the jury as follows: "You look to the petition, and the answer of Almand, and determine what paragraphs he has answered and what paragraphs he has not answered. Any statement of fact by the petitioners in the petition that is not answered by Almand is to be taken by you as prima facie true." Error is assigned upon this charge. This charge was not error. It was in substance a statement of the law contained in section 5539 of the Civil Code, which, following the section providing that all suits in the superior courts for legal or equitable relief shall be by petition to the court, plainly, fully, and distinctly setting forth plaintiff's grounds of complaint and demand, declares that "All such petitions shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively; and any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information."

5. The court did not err in submitting to the jury the question

as to whether the transaction resulting in the transfer of property by Charles L. Truitt to H. A. Almand was made with intent to hinder and delay the creditors of the firm of S. M. Truitt & Son. The creditors of the firm had a right to rely upon the assets of every member of the firm, and the trustee duly appointed in bankruptcy proceedings to have the firm declared a bankrupt, and in the course of which the firm was so declared, could proceed to recover property which had been fraudulently transferred to a third party who participated in the fraud and design to hinder and delay creditors. "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Bankruptcy Act of ·1898 as amended in 1903, § 70-e, Collier on Bankruptcy (11th ed.), 1107. In re Stokes, 106 Fed. 312, it was said: "Under Bankrupt Act 1898, Section 5, the adjudication of a partnership as a bankrupt draws to the court of bankruptcy for administration the individual estates of the parties, though they are not adjudged bankrupts individually; and such court may require an assignee for the benefit of creditors of one of the partners to surrender the assigned property to the trustee· of the partnership, by a summary order, since such assignee does not hold adversely, but in the right of his assignor." And in the case of Dickas v. Barnes, 140 Fed. 849 (72 C. C. A. 261, 5 L. R. A. (N. S.) 654), it is said: "A court of bankruptcy, which is administering the estate of a bankrupt partnership, has jurisdiction, as incidental thereto, to take possession of the property of a partner, although he has not been and could not be adjudged a bankrupt individually, and to administer the same as far as necessary to a settlement of the partnership estate." We think these views are sound when we consider the relation of every member of the firm to the firm itself, and the liability of any property owned by a member of the firm to be subjected to the demands of the creditors of a firm.

6. Another question made in this case is, whether, if certain conveyances made to Almand by Charles L. Truitt were void because made for the purpose of hindering, delaying, and defrauding creditors, they were void only as to existing creditors, or were also void as to persons who subsequently became creditors. It is contended by the plaintiff in error that the conveyances referred to would not be void as to those who subsequently became creditors, "unless at the time of the conveyance there was an actual intention on the part of the debtor to afterwards obtain credit and defraud such persons, and the conveyance was made for the purpose of accomplishing this result." We think this contention is sound and should be applied in the trial of the case for the guidance of the jury in making their verdict and for the court in framing its decree. See, in this connection, *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684; *Lane* v. *Newton,* 140 *Ga.* 415; notes to Hagerman v. Buchanan, 14 Am. St. R. 732, 745, 751, 753 (45 N. J. Eq. 292, 17 Atl. 946); notes to Jenkins v. Clement, 14 Am. D. 698, 706, 707 (1 Harp. Eq. (S. C.) 72).

7. Complaint is made of a part of the charge of the court which instructed the jury that in passing upon the question as to whether or not the defendants or certain of the defendants conspired to hinder and delay the creditors of S. M. Truitt & Son, by transferring property, they were to consider the admissions "of any party to that conspiracy—not the admission of anybody that was not a party to it; but if the evidence shows that one or more of these parties conspired with Almand, any statement or admission by them with reference to the act or conduct of Almand in carrying out such conspiracy would be evidence against Almand." We are of the opinion that this charge was error. If there was a conspiracy entered into between certain of the defendants and Almand to hinder and delay creditors and defeat them in their efforts to enforce their just demands, by having certain property transferred by a member of the firm of S. M. Truitt & Son to Almand, a statement or admission by a party to the conspiracy or fraudulent scheme, made in the course of the execution of the scheme and tending to show the existence of the conspiracy, might be considered by the jury as against any of the parties to the conspiracy; but admissions made after the conspiracy was ended or the scheme to defraud was completed and fully executed would not be admissible, and the instructions complained of were broad enough to

cover admissions made after the conspiracy or the scheme to defraud, if it was shown to exist, had been completed. We have examined carefully the authorities cited by the defendants in error to sustain the instruction of the court here under consideration; but none of them, as we construe them, authorize the broad and unqualified expressions used in this charge. "Only those declarations are admissible which were made during the progress of the conspiracy and in furtherance of its objects. Accordingly, declarations of an alleged coconspirator, made before the existence of the alleged conspiracy, are not admissible in evidence against the other conspirators, unless it be for the purpose of illustrating the motive, purpose, and intent of the associates in crime. After the accomplishment or abandonment of the common design, no declaration of a conspirator will affect another; and such declarations if offered in evidence should be excluded." 1 R. C. L. 520, § 61. "The same rule as to admission of acts or declarations of coconspirators applies in criminal as in civil cases." *Id.* 519, § 60. See also note to the case of Casey *v.* Cincinnati Ty. Union, 12 L. R. A. 193, 197 (45 Fed. 135). In some cases we know it has been ruled that under the circumstances of those cases the admissions of privies and partners were admissible, and in proper cases the exceptions should be pointed out by courts when giving instructions to the juries. But the broad, unqualified charge as given here was error.

8. At the conclusion of the petition in this case certain interrogatories seeking discovery were propounded to the defendants, H. A. Almand and Charles L. Truitt. To certain of these interrogatories answers were made by Almand. In view of that fact it was error for the court to charge the jury as follows: "You are instructed that the answer of the defendant filed in this suit against him and the things set out in the answer are not evidence for the defendant, but they are simply the pleadings." The jury might have inferred from this charge that they could not consider the answers of the defendant, made in response to the interrogatories, as evidence for the defendant. Just to what extent the answers made by the defendant Almand to the interrogatories were material and favorable to him we will not now undertake to determine, but we can not say that they are entirely immaterial; and if material at all, and even slightly favorable to the defendant, the jury might gave him the benefit of the evidence contained in the

answers where responsive to the interrogatories. In instructing the jury as to the effect of the defendant's responses to certain interrogatories seeking discovery, the court should distinguish between that part of the answer which is merely a part of the pleadings and that part which is in response to the interrogatories, and avoid giving instructions which would exclude from consideration by the jury the evidence contained in the responsive answers to the interrogatories propounded.

As the verdict in this case will be set aside and a new trial had, it is unnecessary to discuss assignments of error upon the judgment and decree. Inasmuch as there will have to be a new verdict, there will also be a new decree.

*Judgment reversed. All the Justices concur.*