## JONES *v.* LARAMORE *et al.*

1. The motion to dismiss the writ of error, for alleged want of an exception to the final judgment, and because two persons named as defendants, who did not answer or defend, were not made parties plaintiff in error with the defendant who did answer (the judgment excepted to being adverse to the defendants), is not sustainable.

2. The petition for cancellation of deeds, recovery of certain interests in land and rents, and other equitable relief, was not subject to the grounds of general demurrer; and the meritorious grounds of special demurrer were met by amendment of the petition.

3. The motion to recommit the case to the auditor, for a finding on matters on which he had not specifically reported, should have been sustained.

4. Under previous rulings, some of the exceptions to the auditor's report were insufficient to present any question for decision; and other exceptions, though sufficient in form, were without merit.

5. The opinion of a witness as to the annual rental value of the land in issue was admissible.

6. Net profit received from the cultivation and use of the land was not the sole measure of liability on accounting.

7. Where the legal title to land has been conveyed to secure the repayment of a debt, and is outstanding and the debt is unpaid at the time of the grantor's death, such title does not descend directly to his heirs at law.

No. 1319. FEBRUARY 14, 1920.

Exceptions to auditor's report. Before Judge Littlejohn. Lee superior court. January 1, 1919.

*Wallis & Fort* and *R. L. Maynard,* for plaintiff in error.

*Ware G. Martin* and *Shipp & Sheppard,* contra.

ATKINSON, J. Several of the heirs at law of the grantor in a security deed to land instituted an action against a remote grantee of the grantee in that deed. The petition also named as parties defendant certain persons alleged to be heirs at law of one of the heirs of the grantor in the security deed, but none of the persons so named answered. It was alleged, in the petition as amended, that the defendant who answered and his predecessor had entered possession under a pretended sale conducted by the grantee in the security deed under a power contained therein; that the sale was void; and that the purchaser thereunder and his successors, having notice of the facts which rendered the sale void, acquired and held possession subject to the right of the heirs at law of the grantor to pay the secured debt and have reconveyance of the property. The amount of the debt was stated. It was further alleged, that the annual rents of the land amounted to a specified sum which

had been received by the defendant, and were more than sufficient to pay off the debt; that the grantor in the security deed died intestate; that there were no debts except that specified in the security deed; and that there had never been any administration on the estate. The prayers were: (*a*) for decree to each of the plaintiffs specified undivided interests in the land, and for possession; (*b*) that the deed purporting to have been executed in pursuance of the power of sale be canceled; (*c*) that the land be sold by a commissioner and the proceeds be distributed to the plaintiffs as heirs at law of the deceased, according to their several interests; (*d*) that the plaintiffs have judgment against the defendant for a stated portion of the rents over and above the amount necessary to discharge the debt; and (*e*) for general relief and process. The case was referred to an auditor. Among his findings was one holding, in effect, that the defendants who did not answer were not entitled to any interest in the land. There was no exception to this finding. A motion to recommit the case was overruled; and all the exceptions of law and fact, save one, were disallowed. The judgment also provided that the plaintiffs each recover of the defendant a specified undivided interest in the land and a stated sum of money, with interest from the date of the auditor's report. The defendant assigned error upon the overruling of the exceptions of law and fact, and upon the judgment in its entirety.

1. There is a motion to dismiss the writ of error, upon the grounds, first, that there was no exception to a final judgment in the case; and second, that two of the codefendants in the court below were not made parties to the bill of exceptions, it appearing that the judgment complained of was adverse to these codefendants. The motion is without merit.

2. One ground of attack upon the conveyance executed by the grantee in the security deed to the defendant's predecessor was, that, although the property was advertised for sale in pursuance of the power contained in the security deed, the property was not in fact exposed for sale at the time and place specified in the advertisement, and the conveyance was executed without any such sale having been made. It was also alleged that the defendant had notice of such facts before he entered possession under his deed from the pretended purchaser under the power of sale. Under

such circumstances the defendant would hold possession subject to the right of the grantor in the security deed, and her successors in title, to have an accounting for rents and profits derived from the land by the defendant, and to have so much thereof as may be necessary to discharge the secured debt credited thereon, and, when the debt should be extinguished, the property to return to the grantor or her successors in title. *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921); *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); Powell on Actions for Land, 514, § 386.

The petition also alleges that the rents, issues, and profits received by the defendant were more than sufficient to discharge the debt. The petition was not subject to general demurrer on the ground that plaintiffs did not offer to do equity by paying to the defendant the amount of the security deed, or on the ground that there was no equity in the petition and no cause of action was set forth. In so far as any of the grounds of the special demurrer were meritorious, they were met by amendment.

3. Under the pleadings and the evidence, there was an issue as to the amount of the debt remaining unpaid and secured by the deed, and as to the amount of the profits received by the defendant from the land while he was in possession. The auditor did not find specific amounts due on the secured debt, or the specific amount of profits received from the land by the defendant; but as to these matters his findings were in general terms as follows: "It is extremely difficult to arrive at a satisfactory finding with reference to the annual rental value of said land; or the annual profits that might arise from possession and cultivation of the same. I have, therefore, carefully considered the testimony of each of the above-stated witnesses, and have reached a finding on what I must consider as just and equitable a basis as possible, in view of the conflicting testimony on this point. I accordingly find that the first nine (9) years of his possession of said land have fully reimbursed the defendant, D. C. Jones, for the amount of the purchase-price he paid for said land, and therefore for the indebtedness due by the estate of Mary Laramore to the Equitable Mortgage Co. on said land; for all improvements placed on the same by D. C. Jones, at the prices named by him; and for the payment of all taxes that had accrued on the same. And that the net amount of rents, issues, and profits accruing to the defend-

ant since the time when he had been fully reimbursed for the amount paid to the Equitable Mortgage Co., or Joseph Wheatley, taxes and improvements, as aforesaid, to the date of the filing of this report, is two thousand and twenty-five dollars, . . . at rate of $225.00 rental value on net property per year. I further find that the amount due the Equitable Mortgage Co. by Mary Laramore has never been paid directly by Mary Laramore, nor any representative of her estate." It was the duty of the auditor to find and report the amounts of annual rents and profits accruing during the time the defendant was in possession; also the amount of the debt specified in the security deed remaining unpaid, and the amount of taxes paid by defendant and the value of improvements placed on the land by him. Accordingly it was erroneous to overrule the motion to recommit the case to the auditor, in so far as it related to the above findings.

4. "The neglect of a party excepting to an auditor's report on matters of fact, or on matters of law dependent for their decision upon the evidence, to set forth, in connection with each exception of law or fact, -the evidence necessary to be considered in passing thereon, or to point out the same by appropriate reference, or to attach as exhibits to his exceptions those portions of the evidence relied on to support the exceptions, is a sufficient reason, in an equity case, for refusing to approve the exceptions of fact, and for overruling the exceptions of law." *Armstrong* v. *American National Bank,* 149 *Ga.* 165 (99 S. E. 884). A number of the exceptions failed to comply with the rule first stated, and consequently were insufficient to present any question for consideration. Other exceptions of fact which were sufficient in form are without merit.

5. On the question of the value of rents, issues, and profits from the land received by the defendant, testimony of a witness stating his opinion as to annual rental value of the property was admissible. None of the exceptions to the report of the auditor on the question of admissibility of evidence were meritorious.

6. Net profit which the defendant realized from the cultivation and use of the land was not the sole measure of his liability. *Page* v. *Blackshear,* 78 *Ga.* 597 (3 S. E. 423) ; *Polhill* v. *Brown,* supra, *Wilkins* v. *Gibson,* 113 *Ga.* 31, 57 (38 S. E. 374, 84 Am. St. R. 204) ; *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas.

475); *Culver* v. *Lambert,* 132 *Ga.* 296 (64 S. E. 82); *Coates* v. *Jones,* supra. See also 19 R. C. L. 336, §§ 110, 111. The above ruling does not conflict with the case of *Gunter* v. *Smith,* 113 *Ga.* 18 (4) (38 S. E. 374).

7. Where a deed conveys legal title to land as security for debt, and the grantor dies while the title is thus outstanding, as against the grantee and his privies in estate such legal title does not descend to the heirs at law of the grantor. *Humphrey* v. *Smith,* 142 *Ga.* 291 (82 S. E. 885) *First National Bank of Commerce* v. *McFarland,* 146 *Ga.* 717 (92 S. E. 69). Accordingly the auditor erred in holding that upon the death of the grantor in the security deed legal title to the land descended to her heirs at law. On the basis of such ruling the auditor further found: "that the title to the land in controversy vested in the three plaintiffs and their father immediately upon the death of their mother, Mary Laramore; that any right of action pertaining to the land in controversy was therefore in the plaintiffs, who were then minors; and that for this reason they are not barred by the statute of limitations, regardless of the fact that there was an administration [of] the said estate, . . and regardless of the further fact that the said plaintiffs, then minors, had a guardian." By this ruling, when considered in the light of the pleadings and the evidence, it is not clear whether the auditor, in referring to the "statute of limitations," meant the limitations as specified in the Civil Code, § 3267, relating to actions against mortgagees in possession of the mortgaged property, and applied, in *Gunter* v. *Smith,* supra, to grantees in possession under security deed, or to the law of prescription. On another hearing before the auditor, which is hereby directed, evidence on both questions should be received, and specific rulings should be made upon each question.

*Judgment reversed. All the Justices concur.*