18233.   AMERICAN ASSOCIATED COMPANIES, INC., *et al.*
*v.* VAUGHAN.

Argued June 9, 1953—Decided September 16, 1953—
Rehearing denied October 15, 1953.

144

*Joseph F. Haas, Thomas B. Branch, Jr., Haas, Holland & Blackshear,* for plaintiffs in error.

*C. Baxter Jones, Jr., Sutherland, Asbill & Brennan,* contra.

ALMAND, Justice. 1. The question has been raised as to whether the case under review is one over which, under the provisions of article VI, section II, paragraph IV of the Constitution of 1945 (Code, Ann., § 2-3704), this court has exclusive jurisdiction. Though the case originated solely as an action at law, the amendment which was first offered and allowed subject to objection, and thereafter stricken on motion and disallowed, alleged facts and contained prayers whereby the defendants sought a reformation of the contract between the parties. In our opinion, under previous rulings of this court (*Dunson* v. *Lewis,* 156 *Ga.* 692, 119 S. E. 846; *Dyson* v. *Washington Telephone Co.,* 157

*Ga.* 67 (3), 121 S. E. 105; *Harrell* v. *Parker,* 186 *Ga.* 760 (1), 198 S. E. 776; *Fuller* v. *Calhoun National Bank,* 186 *Ga.* 770, 199 S. E. 116; *Gibbs* v. *H. T. Henning Co.,* 189 *Ga.* 675 (2), 7 S. E. 2d 238), the amendment stricken, as well as some of the amendments which were disallowed, converted the case before us into an equity case, and one within the jurisdiction of this court.

2. The answer to the following question will settle the main issues made in both the main bill of exceptions and in the exceptions pendente lite: After the judgment of the Court of Appeals, reversing without direction the rulings of an auditor and of the trial court overruling exceptions of fact and law to the material findings of the auditor, was made the judgment of the trial court, did such court err in entering a final judgment in favor of the plaintiff without having a de novo trial? The answer to this question appears in our statutes and controlling decisions of this court. Code § 6-1804 provides that the ruling of the appellate court "shall be certified by the clerk [of the appellate court] to [the clerk of] the court below, under the seal of the court, and shall be respected, and in good faith carried into full effect, by the court below." A case not finally disposed of by this court or the Court of Appeals stands for further hearing at the next ensuing term after the decision by the appellate court unless the trial court is in session when the decision is made, in which event it stands for trial during such term of the lower court, and the clerk of the trial court in which the remittitur is entered is required to docket the case immediately after the other cases then pending in the trial court which stand for trial at the term fixed. Code §§ 70-402, 70-403. "If the judgment of the superior court is *reversed* on every point of exception, or on a single one only, it is entirely vacated; and this is done by placing on the minutes of the superior court, a transcript of the judgment of the Supreme Court. This done, the case stands for trial, *de novo,* as in the first instance, unless otherwise disposed of, by the order of this Court." *Walker* v. *Dougherty,* 14 *Ga.* 653 (1). *Schofield* v. *Stout,* 59 *Ga.* 537, involved a contest between Schofield and Stout as to a sum of money in the hands of the court. The trial court found in favor of Schley, and on appeal this court reversed without direction the judgment of the trial court, because it erred in not directing that the money be paid to Schofield. After the

filing of the remittitur, the trial court entered an order, over the objection of Schley, awarding the money to Schofield. In reversing this judgment of the trial court, this court, in *Schley* v. *Schofield*, 61 *Ga.* 528, said: "As a general rule, where the writ of error is founded upon a trial below in which both law and fact were involved, and where the complaint is that the plaintiff in error lost his case when he was entitled to gain it, and where this court is of opinion that he was entitled to gain it, and where, for that reason, the judgment of the court below is reversed, a new trial follows unless this court, by way of direction, dictates something else. A new trial follows because the former trial terminated in a wrong result. No mere suspension took place, but the trial was concluded; it was over." P. 530. In *Jones* v. *Laramore*, 149 *Ga.* 825 (102 S. E. 526), this court had under review the judgment of the trial court overruling certain exceptions of fact and law of the defendant to an auditor's report and the judgment entered upon the findings of the auditor. Because the trial court erred in overruling certain exceptions of law and fact, this court reversed the judgment, stating in the opinion that "on another hearing before the auditor, which is hereby directed, evidence on both questions should be received, and specific rulings should be made upon each question." P. 829. Upon the return of the remittitur in that case the trial judge again referred the case to an auditor, who heard it and made a report of his findings of fact and conclusions of law. Among the grounds of the defendant's exceptions to this report was, that the findings of fact embraced in the last report were the same as in the first report, to which he had excepted, and which had been overruled by the trial court; and that the trial court was without authority to approve the exceptions of fact, because the questions sought to be raised were res adjudicata and had been conclusively determined in favor of the plaintiffs by the former decree entered upon the report of the auditor. On the second appearance of this case (*Laramore* v. *Jones*, 157 *Ga.* 366, 121 S. E. 411), in construing the judgment of this court reversing the final decree rendered by the trial court, it was held that this judgment was reversed in toto and not pro tanto; that it was a general judgment of reversal based on certain specific errors pointed out by the court; and that the mere fact that certain direction was given as to

what the auditor should hear on the next hearing would not be construed to mean that this court affirmed all findings other than those with which it specifically dealt. In the opinion it was said: "What is the proper construction of the judgment of this court reversing the final decree in the case rendered by the lower court? Was it a reversal pro tanto or in toto? Was it an affirmance of such final decree in part and a reversal thereof in part? . . . It is true that if this court had adopted all the findings of the auditor except on given questions, and directed the auditor to confine the rehearing to such specific questions alone, and to report only his findings thereon, the auditor would not have been authorized to pass upon all the questions of law and fact involved in the case; but this court did not give such direction in the case, did not confine the rehearing to specific questions, and did not expressly or by fair implication direct that the auditor should not pass on all questions of law and fact involved in the case. In the absence of direction by this court, so confining the new hearing before the auditor, the reversal of the judgment of the court below was the grant of a de novo investigation before the auditor upon the facts. The rulings upon the law by this court became final and conclusive. The effect of the judgment of this court was to vacate the erroneous judgment of the court below, and the legal consequence was the grant of a hearing de novo before the auditor upon the issues of fact involved, and on all questions of law not settled by the decision of this court. *Woods* v. *Jones,* 56 *Ga.* 520; *Schley* v. *Schofield,* 61 *Ga.* 528. On the second hearing before the auditor all questions made by the original pleadings and by appropriate amendment thereto, not decided by this court on review, or not inconsistent with the opinion rendered by this court in the case, were still open for adjudication by the auditor. *Hixon* v. *Callaway,* 5 *Ga. App.* 415 (63 S. E. 518)." Pp. 370, 371.

*Lankford* v. *Holton,* 187 *Ga.* 94 (200 S. E. 243), was a land-registration case, where this court reversed without direction the judgment of the trial court, which had overruled exceptions of the defendant to the examiner's report and entered a final decree in the plaintiff's favor, on the ground that the evidence as a matter of law demanded registration in favor of the defendant. On the return of the remittitur to the trial court, that court,

without a further reference to the examiner, entered a final decree in favor of the defendant. This court, in *Holton* v. *Lankford*, 189 *Ga.* 506 (6 S. E. 2d 304), in reversing this last decree, held that it was error for the trial court "on the filing of the remittitur and revocation of the former decree in favor of the plaintiff, to enter a judgment decreeing registration in favor of the defendant, in whose favor no findings of fact had ever been made by an examiner." In the opinion the court said: "There may have been testimony in the record which would have demanded a finding in favor of the defendant, and according to the former decision by this court, there *was* such testimony, but its existence *as evidence* did not authorize a judgment or decree registering the land in her name, when it had not been transmuted and processed into a finding or verdict by a duly authorized fact-finding officer or tribunal,—which the judge is not, under the terms of the land-registration statute." Pp. 513, 514. This court held that this conclusion was not altered by the fact that neither party demanded a trial by a jury upon any issue arising from the exceptions to the examiner's report. The fact that the parties had waived trial by a jury did not authorize the judge to do more than pass upon the exceptions to the report of the examiner, and his judgment, even if it might be considered as embracing a finding of fact in favor of the defendant, was erroneous.

*Burgess* v. *Simmons*, 207 *Ga.* 291 (61 S. E. 2d 410) was also a land-registration case, where this court reversed the order of the trial judge sustaining certain exceptions to the findings of the examiner, and entered a judgment of reversal without direction. On return of the case to the trial court, the judge, without sending the case back to the examiner, entered a final decree on one feature of the case. In reversing the trial judge, this court held that the final judgment reviewed and reversed was one overruling a motion for a new trial, and that although the ruling was based upon exceptions to rulings on the examiner's findings of law preceding the trial, our judgment was one ordering a new trial because the previous rulings entered into the verdict and judgment, holding that "That reversal restored the case in the trial court to its status before trial," and that a new trial was in order. *Burgess* v. *Simmons*, 208 *Ga.* 672 (1) (68 S. E. 2d 902).

For like authorities, see *McCall* v. *Asbury*, 190 *Ga.* 493 (9 S. E. 2d 765) ; s. c. 192 *Ga.* 102 (14 S. E. 2d 715) ; s. c. 202 *Ga.* 154 (42 S. E. 2d 370).

Under the foregoing authorities, we are of the opinion that, on the filing of the remittitur of the Court of Appeals in the instant case, which judgment reversed without direction the judgment of the trial court overruling certain exceptions of fact and law to the auditor's report and entering final judgment based upon conclusions of law, its effect was to vacate and set aside all of the findings of fact and law contained in the auditor's report.

We have examined the cases relied on by the plaintiff, such as *Russell* v. *Mohr-Weil Lumber Co.*, 115 *Ga.* 35 (41 S. E. 275), *Owen* v. *S. P. Richards Paper Co.*, 188 *Ga.* 258 (3 S. E. 2d 660), and *Ross* v. *Rambo*, 195 *Ga.* 100 (23 S. E. 2d 687), and find that they are clearly distinguishable on their facts from this case, and do not rule upon any matter contrary to what we now hold.

It is insisted that, since there are no exceptions to the auditor's findings of fact numbers 20 and 26, set out in the statement of facts, and since they are alternative findings, the trial court was authorized to enter a final judgment in favor of the plaintiff. There is no contention that the auditor made any findings which could be said to be in the alternative as to questions of law. We do not agree to this contention, for the reason that these two findings of fact were not alternative findings. The ultimate findings of fact and law were held by the Court of Appeals to be erroneous, and the judgment sustained the plaintiff's exceptions as to them. Clearly, the Court of Appeals, when the case was before it, did not consider these two exceptions of fact as being alternative findings, because, if they had so considered them, that court could have reversed the case with directions, which it did not do.

3. We now turn to the question of whether or not the court erred, as complained of in two of the exceptions pendente lite, in its rulings striking one of the defendants' amendments and refusing to allow other amendments, these amendments being filed or tendered after the judgment of the Court of Appeals had been made the judgment of the trial court. The orders excepted to were based upon a ground of the plaintiff's demurrer to the first amendment, and objections to the allowance of the other amend-

ments, that, the report of the auditor having been filed, no new pleadings setting up new and distinct issues were allowable. The plaintiff contends that this order is correct by reason of the following authorities: *Cureton* v. *Cureton,* 120 *Ga.* 559 (48 S. E. 162); *Mitchell* v. *Schmidt,* 123 *Ga.* 418 (51 S. E. 408); *Almand* v. *Thomas,* 148 *Ga.* 369 (96 S. E. 962). In substance, these three cases hold that the effect of an auditor's report is similar to that of the verdict of a jury, and prevents either party from filing amendments setting up new and distinct issues after it has been filed in court. None of these cases involved situations such as are present in this case, where there had been a judgment of an appellate court setting aside or vacating the findings of the auditor. In the *Cureton* and *Thomas* cases, the effort was made to amend by setting up new and distinct issues before the exceptions to the auditor's report had been disposed of. In the *Mitchell* case, on its first appearance (*Schmidt* v. *Mitchell,* 117 *Ga.* 6, 43 S. E. 371), the exceptions had been tried before the court and a jury, and this court had granted a new trial on the sole ground that the trial court erred in charging the jury on a specified matter, and did not make any specific ruling on the exceptions to the auditor's report. On return of the remittitur to the trial court, the defendant tendered an amendment to his plea setting up a new defense, which amendment was rejected, and the case proceeded to trial before a jury on the exceptions of fact to the auditor's report. In *Mitchell* v. *Schmidt,* 123 *Ga.* 418, supra, this court, with the Chief Justice absent, affirmed the judgment on the ground that the proposed amendment raised a new and distinct issue. It will be readily seen that in this last cited case the effect of the judgment was only to grant a new trial on the exceptions of fact to the auditor's report, and restore the case to the position it occupied before the trial on exceptions of fact before a jury, and did not have the effect of annulling or vacating any finding of the auditor; whereas in the instant case the judgment of the Court of Appeals was based upon erroneous rulings of the auditor, and upon the trial court's erroneous overruling of exceptions of fact and law to the auditor's report. When the judgment of the Court of Appeals was made the judgment of the trial court, under the principles announced in the second division of this opinion, there was no report of the auditor before the

court upon which there could be a trial on the exceptions of fact. Upon the return of the remittitur from the Court of Appeals, the case stood upon the docket for trial, and the pleadings were subject to amendment as in other cases. *United States Fidelity &c. Co.* v. *Clarke,* 187 *Ga.* 774 (2 S. E. 2d 608). In the opinion in that case it was said: "When the original decree of the judge of the superior court awarding the fund in controversy to Richmond County was reversed by this court with no special directions (74 *Ga.* 599, supra), and the judgment of this court was made the judgment of the court below, the former judgment was thereby vacated, and the case stood for trial de novo as in the first instance. . . Upon the return of the remittitur of this court reversing the judgment of the judge, the case still stood upon the docket for a new trial under the previous judgment of the court. Code, §§ 70-401 et seq. The pleadings, 'while the case stands upon the docket for trial after the grant of a new trial,' are 'subject to amendment as in other cases.' *Mayor &c.* of *Monroe* v. *Fidelity & Deposit Co.,* supra." P. 782.

In *Holton* v. *Lankford,* 189 *Ga.* 506, supra, after the judgment of reversal by this court in *Lankford* v. *Holton,* 187 *Ga.* 94, supra, had been made the judgment of the trial court, the trial court refused to allow the plaintiff to amend her petition, and this ruling was affirmed on the ground that the amendments were offered too soon, in that they were offered before the exceptions of fact had been in any manner sustained by the trial court, and that, until there had been such an order, the plaintiff could not amend her petition by setting up new and distinct issues, the court saying: "Nor, it seems, would the judgment making the remittitur the judgment of the trial court, operate to sustain such exceptions, *when there was no superadded order or judgment to that effect.* Be that as it may, so long as these exceptions were not sustained, the report of the examiner in favor of the plaintiff continued extant; and while these proceedings stood thus opposed to each other as for trial, the plaintiff could not amend in the manner proposed, the amendment not having been offered to supply basis in the pleadings for evidence already introduced, nor as like support for any finding of fact made by the examiner. . . That is to say, the amendments were offered before the exceptions of fact had in any manner been sustained by the

trial court; and so long as the examiner's report and the exceptions thereto were still outstanding, the plaintiff could not amend except for the purposes hereinbefore indicated, and the amendments were not offered for either of these purposes." Pp. 530, 531. This ruling was not by a unanimous court, the Chief Justice being disqualified, and Justice Grice dissenting from the judgment of reversal.

We do not agree with the ruling there made by this court, that, before a party would be allowed to amend his petition or answer setting up new and distinct issues, it was necessary for the trial judge to enter a *formal order* setting aside his rulings on exceptions to the examiner's report, and that the remittitur when filed in the trial court did not have the effect of vacating or setting aside the rulings of the examiner. This statement is not in harmony with the unanimous opinion of this court in *Laramore* v. *Jones,* 157 *Ga.* 366, supra, in which it was held that, where this court holds that the trial court erred in overruling certain exceptions to an auditor's report, upon reversal by this court without direction the reversal "was the grant of a de novo investigation before the auditor upon the facts"; and that the effect of such judgment was to vacate the erroneous judgment of the court below, with the legal consequence of the grant of a new hearing upon the issues of fact involved and all questions of law not settled by the decision of this court. In the official record in that case, it appears that an amendment was allowed to the defendant's plea after the remittitur was received, but there was no formal order setting aside the auditor's findings before referring the case again to the auditor. In the instant case, at the time the trial judge struck the defendants' first amendment and refused to allow the filing of other amendments, the case was before the court for a trial de novo, and the defendants had the right to amend their answer; and it was error for the trial court to refuse them this right on the ground that the auditor's report was pending before the court for trial and the proposed amendment set up new and distinct issues. It is apparent from the record that the trial judge, in striking the defendants' first amendment and in refusing to allow the other amendments filed, did so on the sole ground that they were filed too late, and did not pass on their merits either as to form or substance. We make

no ruling on their merits. These matters will be open for consideration by the trial court if they are again tendered.

It follows from what has been said that the trial court erred in striking the defendants' first amendment and cross-petition, and in refusing to allow the filing of the other proposed amendments, and further erred in entering, without a new hearing, a final decree and judgment in favor of the plaintiff.

*Judgment reversed. All the Justices concur, except Wyatt and Head, JJ., who dissent, and Atkinson, P. J., not participating.*