No. 80.—BENJAMIN W. WALKER, plaintiff in error, *vs.* WILLIAM DOUGHERTY, defendant in error.

[1.] If the judgment of the Superior Court is *reversed* on every point of exception, or on a single one only, it is entirely vacated; and this is done by placing on the minutes of the Superior Court, a transcript of the judgment of the Supreme Court. This done, the case stands for trial, *de novo*, as in the first instance, unless otherwise disposed of, by the order of this Court.

[2.] Some remarks as to the powers of this Court, deducible from the peculiar phraseology of the organic law.

[3.] Where the question, as to the proper representation of an estate, is involved in litigation, it is the duty of the Ordinary to grant temporary letters, *pendente lite.*

Motion, in Muscogee Superior Court. Decided by Judge IVERSON, May Term, 1853.

At February Term, 1853, of the. Court of Ordinary of Muscogee county, letters of administration, *pendente lite,* were granted to William Dougherty, upon the estate of James C. Watson, deceased. The order granting the letters recited, "That John H. Watson and Benj. W. Walker, were qualified as executors; that the letters to Watson were revoked at January Term, 1846, and the letters to Walker revoked at January Term, 1847; that at July Term, 1847, letters of administration were granted to Mansfield Torrance; that at June Term, 1852, Walker moved the Court to rescind the order granting letters to Torrance, and also the order revoking his letters—which motion being refused, Walker appealed to the Superior Court. That at the same term, Ann E. McDougald, as administratrix of Daniel McDougald, being a creditor, also applied for letters of administration on Watson's estate; which being refused, she appealed also to the Superior Court. At the February Term, 1853, William Dougherty, as a creditor, applied for letters of administration; which being refused, he also appealed. Under these circumstances, the Ordinary made the appointment of temporary administrator, *pendente lite.*—

Watson appealed therefrom to the Superior Court. That Court affirmed the appointment, and this is assigned as error.

JONES & JONES for plaintiff in error.

W. DOUGHERTY, for defendant in error.

Judge BENNING having been of counsel, did not preside.

*By the Court.*—LUMPKIN, J. delivering the opinion.

By oversight of the counsel for the plaintiff in error, the evidence before the Circuit Judge, in this case, and upon which his judgment was given, which is now sought to be reversed, is not incorporated in the bill of exceptions. Neither is it contained in the transcript of the record. It is always with reluctance, that we are compelled to determine a case upon a partial or mutilated statement of the facts. Such decisions, however justified, upon technical rules, from which no Court can depart, are never satisfactory, either to the parties, or to the Court making them. With a distinct declaration, then, that the course about to be pursued, shall not be invoked as a, precedent, we will consider and adjudge this case, not as it is presented on the paper before us, but upon the facts as they are known to exist. Thus, giving to the plaintiff in error the full benefit of all the records of all the Courts, in which this case originated, and through which it has heretofore passed, upon appeal, from the Court of Ordinary to the Superior Court of Muscogee county, and by writ of error to this Court.

[1.] Pretermitting, then, all collateral matter, it seems that Benjamin W. Walker, many years ago qualified as executor of James C. Watson, deceased; that his letters were subsequently revoked by the Court of Ordinary which granted them, upon the ground that he had removed to the State of Alabama. Walker came before the Ordinary and moved a rescission of the order vacating his appointment. His application being refused, he appealed to the Superior Court. The appeal case was submitted to a Special Jury, when the presiding Judge,

amongst other things, charged the Jury, that the non-residence of the executor forfeited his office. To this instruction, counsel for Walker excepted, and the question was brought to this Court, by writ of error; and upon argument, it was held that the Circuit Judge erred in deciding that the removal of the executor set aside his letters testamentary, and in so charging the Jury.

It is now insisted that the effect of this decision was *proprio vigore*, to restore Walker to his office. But, we apprehend that this is a mistake. Whether such direction might not have been given, as would have re-instated Walker summarily, we need not decide. It is argued, that no final judgment can be given in this Court; but that in every case, where there is a reversal of the judgment of the Court below, a new, or rather, *another* trial is to be had. And that this is a fixed rule under our judicial system, to which there cannot exist an exception.

[2.] But it is believed that this Court possesses power beyond that which results merely from its organization as a Court of Errors. In the Act granting it, there is a grant of jurisdiction which is exceedingly broad. Not only may "*Any* decision, sentence, judgment or decree, of any Superior Court be carried up" to be reviewed, "either on the Law or Equity side of the Court". But this Court shall cause its decisions, when made, to be certified by its Clerk, to the Court below, "*And award such order and direction in the premises, as may be consistent with the law and justice of the case;* which decision so rendered and ordered, and direction so awarded, shall be respected, and carried into full effect by the Court below". *Cobb's Digest*, 450.

It is manifestly not true, therefore, that in *every case* where there is a reversal of the judgment of the Court below, that a *new* or *another* trial must necessarily be had in the Superior Court; and that this is a fixed rule in *our* system, to which there cannot exist an exception. On the contrary, there are many cases, and this may be one of them, where this Court might feel itself not only authorized, but required to award

such order as would make a final disposition of the case.   The record being in this Court, I am inclined to the opinion that it is there under the peculiar phraseology of the Act of 1845, for every purpose of awarding a perfect judgment; at least, such a one as is demanded by the exigencies of the case, and as shall be in accordance with the principles of law and justice.

It is unnecessary to discuss what *might* have been done in this case; but let us look to what was actually done.   Not to the order which we may have awarded, but to the judgment which we did render.   And what was that?   It is in these words, "It is considered and adjudged by the Court, that the judgment of the Court below be reversed; upon the ground, that the Court erred in charging the Jury, that the removal of Benjamin W. Walker beyond the limits of the State, subsequent to his appointment as executor, was good cause for revoking the letters testamentary, which had been previously granted to him, upon the estate of James C. Watson, deceased."

The only effect, therefore, of the judgment rendered here, will be to set aside the erroneous judgment rendered against Walker in the Superior Court, on account of the misdirection of the presiding Judge ; and to place the case precisely where it stood on the appeal, before this erroneous judgment was given.

[3.] The proper representation on the estate of Watson, being thus involved in litigation, and its assets and effects scattered and unprotected, it was right in the Ordinay to grant letters of administration, *pendente lite*, on said estate.   The question of representation is yet for final trial, on several appeal cases in the Superior Court.   And the Statute of the State, under which this temporary appointment was made, after directing how appeals shall be taken, says, "Letters testamentary, or of administration, shall not be granted or issued, until the decision of such appeal by the Superior Court.   But the said Court of Ordinary may, pending such appeal, grant temporary letters, to collect the estate of the deceased".— (*Cobb's Digest,* 283 *and* 311.)

It is under this Law that this appointment is made, and, we think, rightfully.   We, therefore, affirm the judgment of the Court below, sustaining the action of the Ordinary.