LEWIS B. MILLER *et al.*, plaintiffs in error, *vs.* WILLOUGHBY JOURDAN, guardian, defendant in error.

Where a verdict and decree were had between the parties, which was brought by writ of error to their Court and the judgment thereon reversed, and the *remittitur* from this Court, upon notice to the parties, was made a part of the decree in the Court below, and entered as a finality of the litigation, etc., by an order of the Chancellor, and a motion made by parties in interest to set such order aside, was overruled by the Court below:

*Held*, The legal effect of the reversal of the judgment by this Court of the judgment of the Court below, based upon the verdict of a jury, was to have granted a new trial in the case, and it was error to have adjudged the rights of the parties to this litigation upon the motion.

New trial. Reversal of judgment. Before Judge HARRELL. Randolph Superior Court. November Term, 1870.

The original cause is fully reported in 41st Georgia Reports, 51. The *remittitur* from the Supreme Court in that cause stated, " that the judgment of the Court below be reversed, on the ground that the Court erred in holding that the negro slave, Peter, was an advancement by the testator to his son Iverson G., in his lifetime, and on the further ground, that the Court erred in decreeing, upon the allegations in the bill and the evidence contained in the record, that the complainant as executor, for the purpose of making distribution of the testator's estate among the legatees and devisees, under the will, had the right to interfere with the four lots of land, to which the infant ward, Missouri P., had, by her guardan, elected to take, under the testator's will, and which she did take, with the executor's consent."

Miller *et al. vs.* Jourdan.

When this *remittitur* was filed in the Court below, the Judge ordered that cause be shown why the decree should not be made to conform to this *remittitur*, and stand as the final judgment of the cause.   On the hearing, he so ordered, and would not allow a new trial.   That is assigned as error.

JOHN T. CLARK, for plaintiffs in error.

H. FIELDER, for defendant, said reversal of judgment does not necessarily require a new trial: R. Code, sec. 4142; 30 Ga. R., 485, 887.   The rule to shew cause makes this action right: 22 Ga., 574.

LOCHRANE, Chief Justice.

It appears, from the record, that at the May Term, 1870, of Randolph Superior Court, a decree and verdict by the jury had been had between the parties to the present litigation, which judgment was brought to the June Term of the Supreme Court, 1870, and reversed.   On the return of the *remittitur* from this Court to the Court below, the Judge had the parties notified to show cause why he should not grant an order making the decision of this Court a part of the decree rendered in the case, and a final disposition thereof.   That motion was served upon counsel, and, upon the hearing, the Judge granted an order in the following words: "The parties being notified in this case, and no good reason to the contrary being shown, it is ordered and decreed that the *remittitur* from the Supreme Court, in this case, be entered of record and made the judgment of this Court, and that the decree heretofore rendered in this case be so modified and changed as to make the decision of the Supreme Court, as stated in the *remittitur*, a part of said decree, and as thus amended and changed, the decree of the Court stand as final between all the parties."   Signed by the presiding Judge. A motion was made by counsel for the parties to set aside this order, upon the ground, that it was illegal, unauthorized and improvidently granted, which motion was overruled by

the Court below, and this judgment, as well as the original order, is excepted to, and forms the grounds of error assigned.

Upon examination of the original judgment of this Court, rendered at the June Term, 1870, in the case of *Willoughby Jourdan vs. Lewis B. Miller,* 41st Georgia, 51 and 438, we are of opinion the legal effect of such decision was to have granted a new trial in the case, and the Court below erred in entertaining the motion calling upon the parties to show cause why the decision should not be made a part of the decree of the Court, under the facts stated. It was proper to have made the judgment of the Supreme Court, reversing the judgment of the Court below, the judgment of that Court, and it was operative and final, as far as the decision went, in its adjudication of the question embraced therein. But as to questions of fact, originating in the evidence on the new trial granted by such reversal, and which may have appeared upon the trial, it was not in its terms, nor by its legal operation a finality to the litigation, and we hold, the legal effect of the judgment, granting a new trial, ought not to have anticipated a trial, upon the merits, by a motion to make it final, under the facts in this case. And we, therefore, reverse the Court in its judgment refusing to set aside such order, as it gave to the judgment of this Court an effect not contemplated by the decision.

Judgment reversed.