CLARK, administrator, *et al. v.* BLALOCK *et al.*

In an action against a principal and sureties on a sheriff's bond, a verdict in favor of the plaintiff for designated sums as principal, interest, and attorney's fees, which distinctly declares that a specified portion of the gross sum (in this case less than one half) is to be paid by the principal, and the remainder by the sureties, is illegal and should be set aside on motion for a new trial.

Argued November 15, — Decided December 11, 1901.

Action on bond. Before Judge Reagan. Fayette superior court. June 25, 1901.

*J. F. Golightly,* for plaintiffs in error.
*J. W. Wise* and *R. L. Berner,* contra.

LEWIS, J. Carlisle, former sheriff of Fayette county, died, and Clark was appointed administrator of his estate. S. T. and A. O. Blalock brought suit against the administrator as principal, and Faver and others as securities, on Carlisle's bond as sheriff, alleging that Carlisle, while sheriff, had levied a certain fi. fa. in their favor and had failed to make the money, and was liable to them in a sum named. The defendants filed a joint answer, and the case was submitted to a jury, who returned the following verdict: "We, the jury, find for the plaintiffs $200.00 principal, interest $158.00, attorney's fees $20.00, to be paid out as follows: G. W.

Clark, $126.00, and the sureties the remainder, $250.00." The plaintiffs wrote off from their verdict the $20 found as attorney's fees. Upon this verdict the court rendered a judgment in favor of the plaintiffs against the administrator as principal, and against the sureties on the sheriff's bond, for $200 principal, and $158 interest, and directed that "executions issue in pursuance of said verdict for the collection of said amounts as follows: an execution in favor of the plaintiffs against G. W. Clark, admr. of the estate of J. M. Carlisle, decd., to be levied on the lands and tenements, goods and chattels, in his hands belonging to the said estate, for the principal sum of two hundred dollars, and the sum of one hundred and fifty-eight dollars interest to date of this judgment, and . . cost of case to be taxed by the clerk; and an execution issued in favor of the plaintiffs against J. W. Kitchens, John Sneed, J. M. Palmer, N. G. Wallis, G. W. Clark, Paul Faver, J. H. McLeroy, H. C. Fisher, and W. H. Leach, for the principal sum of two hundred and fifty-two dollars, and . . cost of case." The defendants moved for a new trial, on the general grounds; on the ground that the verdict was illegal as finding different amounts against the principal and the sureties on the sheriff's bond, and on the further ground that the court erred in the following charge to the jury: " If you find the plaintiff is entitled to recover both from G. W. Clark and the securities in different amounts, the form of your verdict will be: 'We, the jury, find [for] the plaintiff against G. W. Clark, administrator, so many dollars principal, so many dollars interest, and so many dollars attorney's fees, and against the securities so many dollars principal, interest, and attorneys' fees.'" The court below overruled the motion for a new trial, and the defendants excepted.

It is unnecessary to comment upon the evidence in this case further than to say that from no point of view does it indicate that there was any difference, as to amount, between the liability of the sureties on the sheriff's bond and that of the principal. The suit was an ordinary action upon a sheriff's bond, and the petition sets up the equal indebtedness of the principal and all the sureties on that bond. Nowhere does it seem to be contemplated by the pleadings that a verdict should be found or a judgment rendered for any different amount against the sureties than that for which the principal was alleged to be liable. Certainly there appears no

legal ground for the finding of such a verdict.    Had the jury simply found for the plaintiffs $200 principal, and $158 interest, without more, there would have been no difficulty in properly construing their finding so as to render a valid judgment against the defendants; but a verdict finding, as does this one, a different amount against the sureties from that found against the principal, there being no authority in law or reason for such a finding, is manifestly illegal and should be set aside.    We see no ambiguity in the language of the verdict.    It plainly evidences the intention of the jury to find the administrator liable for $126, and no more, and the sureties for the remainder, $252, and any attempt to render a legal judgment upon such an illegal verdict is abortive.    "It is . . clear that the surety is liable for no greater amount than is found to be due from his principal.    This follows from the very nature of his contract."   *Norris* v. *Pollard*, 75 *Ga.* 361.    In the case of *Cobb* v. *Wise*, 71 *Ga.* 103, " a bill was filed to call one to account both as trustee and administrator; it alleged that another was surety upon his bond as trustee, and impliedly and indistinctly (if at all), that he was also surety on the administration bond ; he was joined in the suit, and subpœna was prayed and issued against both him and the principal; they answered the bill jointly, and the surety set up no special defense growing out of the relation he sustained to the other defendant; the answer was silent as to the suretyship."    The jury found a specified sum against the principal as trustee and another sum against him as administrator, and a decree was entered against him accordingly, and against the other defendant as his surety in both capacities.    The decree was held by this court to be error, and was set aside, the court holding that while verdicts are to be given a reasonable intendment, and may be construed where the jury have expressed their meaning in an informal manner, the court can not supply substantial omissions.    To the same effect see *Mayo* v. *Keaton*, 78 *Ga.* 125.    These cases are clearly controlling of the principle involved in the case at bar.    It was therefore error for the court below to instruct the jury that they might find separate amounts against the principal and the sureties, and to refuse, on motion, to set aside the verdict which was rendered.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., who is disqualified.*