## 22079, 22113. NOWELL, administratrix, *et al.* *v.* MAYOR AND COUNCIL OF MONROE.

SUTTON, J. 1. "Where a fidelity company bonded a city clerk in the sum of $2,000 for the year 1920 in consideration of a premium of $10, the bond not providing for any renewal thereof; and where the city clerk was reappointed for the year 1921; and where, before the expiration of the year 1920, the agent of the fidelity company mailed to the city clerk a bill for $10 (which specified the number of the original bond, its amount, the amount of the premium due for the year 1921, and which had this expression on the bottom thereof: 'Read your policy'), and at the same time mailed to the clerk a continuation certificate, expressly limiting the liability of the fidelity company to the amount of the original bond; and where the city clerk presented the bill to the governing authorities of the city, but retained the continuation certificate and did not let the city know anything about it, and the governing authorities of the city ordered payment of the bill for the premium, without knowledge of the existence of the continuation certificate, and payment was made by the city's voucher to the agent of the fidelity company, and the bill for the premium marked paid, and the proceeds remitted to the company, such bill and the payment by the city of the premium specified therein did not constitute a renewal of the original bond, irrespective of the continuation certificate." "Where the facts as stated above were repeated from year to year for nine years after 1920, and where during each of the nine years the clerk 'was a defalcator of the money of the city in excess of the amount of the original bond,' the fidelity company 'would not be liable for the defalcation of the clerk to the amount of the bond for each year.' . . It is 'essential to the validity of a contract of fidelity insurance in Georgia that the same be in writing.' . . A written contract of fidelity insurance, which provides for no renewal thereof can not 'be renewed from year to year by the presentation by the obligor of an invoice or bill for the premium due (which specifies the number of the original policy, its amount, the amount of the premium due for the year, and which contains this expression on the bottom thereof: "Read your policy"), and the payment of the premium by the obligee in the fidelity bond to the obligor therein, such invoice being marked paid.'" *Nowell* v. *Monroe,* 177 *Ga.* 648 (170 S. E. —). Applying these principles, laid down by the Supreme Court in answer to questions certified to it by this court in this case, the city had no fidelity bond on its city clerk with the defendant surety company for any year other than the year 1920; and the finding of the auditor and the verdict and judgment of the court thereon, that the defendant surety company was liable to the city for the defalcations of the city clerk for the years 1921 to 1929, inclusive, was contrary to the law and evidence, and the court erred in directing a verdict in favor of the city against the defendant surety company.

2. It was competent for the auditor, who made an examination of the books of the city clerk after the latter's death, to summarize his findings and to state conclusions as to the shortages found therein, the books being in the court-room and accessible to the court, and it being naturally inferred from the testimony of the witness that these were the books of

666

the city clerk. Jones on Evidence, 299, 300, § 206; *Bitting* v. *State*, 165 *Ga.* 55 (3) (139 S. E. 877).

3. In rendering judgment in this case the judge fixed the auditor's fees and assessed one half thereof against the city and one half against the defendant surety company. Section 5148 of the Civil Code of 1910 specifically provides that the fees of the auditor shall be taxed by the judge. This may be done in all cases and is discretionary with the judge. *Moore* v. *Dickenson*, 117 *Ga.* 887 (45 S. E. 241).

4. The verdict against the administratrix of the estate of the city clerk was not contrary to law and was demanded by the evidence, and the court did not err in directing the same.

*Judgment on the main bill of exceptions reversed in part and affirmed in part. Judgment on the cross-bill of exceptions affirmed. Stephens, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 30, 1933.

*H. C. Cox, Little, Powell, Reid & Goldstein, James K. Rankin, James H. Therrell,* for plaintiffs in error.

*A. M. Kelly, C. N. Davie, J. F. Kemp, L. S. Camp,* contra.