*Haas, Gambrell & Gardner,* for defendant.

24212. MAYOR AND COUNCIL OF MONROE *v.* FIDELITY AND DEPOSIT COMPANY *et al.*

STEPHENS, J. 1. Where, after the rendition of a verdict and judgment, a new trial has been granted, the case stands upon the docket for trial as if there had been no trial. Civil Code (1910), § 6094; *Anderson* v. *Clark*, 70 *Ga.* 362 (2); *Scott* v. *Powell Paving Co.*, 43 *Ga. App.* 705 (159 S. E. 895). This applies where a case at law had been referred to an auditor, and the issues tried by the jury were upon exceptions to the auditor's findings on the facts. Civil Code (1910), § 5141. Although, under the ruling of the appellate court as applied to the law and the evidence, the verdict directed for the plaintiff was without evidence to support it and contrary to law, and under the law and the evidence a verdict for the defendant was demanded as a matter of law, the case nevertheless stands on the docket for trial.

2. The petition, while the case stands upon the docket for trial after the grant of a new trial, is subject to amendment as in other cases. An amendment to the petition is not subject to the objection that the allegations therein are not sustained by the evidence which was adduced at the former trial, and the law applicable thereto as announced by the appellate court in granting the new trial.

3. Where a municipality had brought suit against a surety company to recover for an alleged breach of the official bond executed by the defend-

ant for the faithful performance of the duties of the office of an official of the municipality, and where the bond was originally executed to cover the year 1920, but where it was alleged that by an acceptance by the insurer from the municipality from year to year of a renewal premium the bond was renewed from year to year; and where upon the trial there was no evidence that there had been any defalcation during the year 1920, but there had been defalcations in succeeding years which, it was alleged, were covered by the bond as renewed, and where a verdict and judgment for the plaintiff had, on motion for a new trial, been set aside and reversed by the Court of Appeals on the ground that upon an application of the law to the uncontradicted evidence there was no valid contract continuing the bond for the years succeeding 1920, and that since there was no evidence of a defalcation in 1920 the verdict for the plaintiff was without evidence to support it, an amendment to the petition, filed by the plaintiff when the case was called for trial, which alleged that the bond was renewed by the issuing of continuation certificates from year to year and the receipt of premiums, and that there was a liability under the bond as renewed for defalcations for the year succeeding 1920, was permissible. The amendment contained an allegation which, if the plaintiff could sustain it by evidence showing an acceptance by the plaintiff of the continuation certificates, or by other competent evidence that the bond had been renewed by the continuation certificates, showed a right in the plaintiff to recover. *Nowell* v. *Monroe*, 177 *Ga.* 648 (171 S. E. 136), s. c. 47 *Ga. App.* 665 (171 S. E. 143).

4. The court erred in disallowing the amendment, and in rendering a judgment for the defendant without the intervention of a jury.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 1, 1935.

*A. M. Kelly, C. N. Davie, J. F. Kemp,* for plaintiff.
*Little, Powell, Reid & Goldstein, H. C. Cox,* for defendants.