25594. FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* MAYOR AND COUNCIL OF MONROE *et al.*

DECIDED NOVEMBER 18, 1936.

*H. C. Cox, Little, Powell, Reid & Goldstein,* for plaintiffs in error.

*A. M. Kelly, C. N. Davie, J. F. Kemp,* contra.

JENKINS, P. J. The history and facts of this case before the last trial, under its two previous appearances in this court, are set forth in the decision by the Supreme Court in *Nowell v. Monroe,* 177 *Ga.* 648 (171 S. E. 136), answering questions certified by this court, in the decision of this court (47 *Ga. App.* 665), following those rulings, and in *Mayor &c. of Monroe v. Fidelity & Deposit Co.,* 50 *Ga. App.* 865 (178 S. E. 767). In the decision of the Supreme Court, and the first decision of this court, it was in effect held, under the pleadings and facts as there stated, that the city had no fidelity bond on its employee with the defendant surety company, subsequent to the one executed for the year 1920, in which there was no defalcation by the employee; that the mere presentation by the company in subsequent years of *invoices or bills* for premiums due, and the payment and acceptance of premiums, would not effect valid contracts of fidelity insurance for those years; that "if renewals of the original bond were at all effectuated, the liability as assumed thereby was limited, as stated in the continuation certificate, to the amount of the original bond," $2000; the company having relied on such *continuation certificates* so specifying, mailed each year by it to the city employees for the city, but the city having *originally relied on the invoices and payments of premiums* as creating renewals of the original bond, for

$2000 each during each of the years from 1921 to 1929 inclusive, so as to cover defalcations in all of those years; and therefore that the court erred in directing a verdict for the city against the company for the entire amount of the defalcations, limited by the $2000 maximum in each year during all the years from 1921 to 1929. The auditor to whom the case was referred had so found in favor of the city, and on the company's exceptions of law and fact a verdict had been directed accordingly. The exceptions of law related merely to alleged erroneous admissions of evidence showing payments of premiums during the years in question. The defendant in its answer expressly pleaded, that, under the *continuation certificates* relied upon by it, its total liability was expressly limited to $2000, "whether the loss shall occur during the term of said bond or during any continuation or continuations thereof, or partly during the said term and partly during any continuation or continuations thereof." The auditor found, that, under the *invoices* and payments of premiums, the plaintiff had sustained its contentions; but that the company had "failed to sustain its contention that its liability is limited to $2000, because, although the company had issued the *continuation certificates* so limiting liability, the evidence did not show such a receipt and acceptance of them by the city as would create such a contract."

After the decision of the Supreme Court and the first decision of this court against the city, that there was no liability under the *invoices* and payment of premiums, the city, in October, 1933, before the remittitur was made the judgment of the trial court, offered an amendment to its petition, to the effect that the original bond was renewed by the issuance of the *continuation certificates* from year to year and the acceptance of premiums; that the company was liable thereunder for $2000 and interest; and that although the company had previously admitted its liability for the $2000, it now refused to pay the same. This amendment was disallowed. On review this court held that the amendment "was permissible;" and that it "contained an allegation which, if the plaintiff could sustain it by evidence showing an acceptance by the plaintiff of the *continuation certificates,* or by other competent evidence that *the bond had been renewed by the continuation certificates,* showed a right in the plaintiff to recover." At the last trial

the plaintiff filed an additional amendment, setting up a letter dated April 4, 1930, from the defendant to the plaintiff, stating that "our liability for any loss which has been sustained by the city . . is limited to the amount of $2000, and we are *willing and ready to pay that sum* in settlement of the claim filed by the Mayor and Council of the City of Monroe," but that "we can not admit liability for any sum greater than $2000, which is the penalty of our bond;" and setting up a written demand on the defendant by the city, on October 2, 1933, for the $2000 together with interest, and subsequent demands for payment; and claiming attorney's fees, expenses, and damages by reason of the defendant's alleged bad faith and stubborn litigiousness in not paying the claim. At the trial the defendant withdrew its exceptions of fact to the auditor's findings, and contended that since the case was before the court only on the exceptions to the auditor's report, with its finding that the bond continuation certificates never became a binding contract, and since the exceptions to this finding were withdrawn by the defendant at the trial, a verdict in its favor was demanded. It now contends that the direction of the verdict in favor of the city for $2000 and interest from April 14, 1930, was error for the reason stated. There was introduced in evidence the evidence before the auditor, besides correspondence between counsel as to the payment of the originally admitted liability for the $2000 principal. As appears from the charge, the judge submitted to the jury the defendant's letter of April 4, 1930, admitting liability for this amount, and the admissions of the defendant in its pleadings. There was evidence sustaining the finding by the jury of the attorney's fees and expenses claimed. The question of their allowance and amounts was submitted to the jury. The company excepted on the general grounds and special grounds as hereafter indicated.

The previous second decision of this court, holding that the amendment, shifting the basis of liability from the rendition of *invoices* and payments of premiums to the issuance of the *continuation certificates,* was proper, and should have been allowed, and that the city was entitled to recover if these averments were sustained by evidence (50 *Ga. App.* 865), fixed the law of this case. At the present trial these allegations were sustained, not only by the evidence before the auditor, but by the admissions of the de-

fendant in its letter of April 4, 1930, and the solemn admissions in its pleadings, to the benefit of which the plaintiff became entitled when it determined to rely thereon for a recovery of the admitted limited amount instead of the much greater amount originally claimed. This court having already held that the amendment was proper as a basis of recovery, the plaintiff was not precluded at the last trial from establishing and relying on the allegations of the amendment, under the theory and contention of the defendant company that there had been an election, estoppel, or shift of ground by the plaintiff. After the amendment was allowed, the provisions of Code, §§ 10-402 et seq., as to the trial of a case only on the pending exceptions to an auditor's report and on the evidence taken before him, unless there is newly-discovered evidence, were not applicable. Even if a recommittal of the report to the auditor for the taking of further evidence under the amendment might have been appropriate, there was no motion to recommit, and no objection by the defendant to the trial before the judge himself. The mere withdrawal by the defendant of its exceptions of fact to the auditor's report, in view of the allowance of the amendment, did not limit the issues raised under the amendment to the findings of the auditor or the evidence before him before the amendment. Under the evidence, sustaining without dispute the allegations of the amendment, the court did not err in directing the verdict for the admitted amount of principal and for the interest. There was no error in the overruling of the exceptions of law to the admission by the auditor of evidence showing payments of premiums by the city, which was relevant and admissible in making out a case under the continuation certificates, relied on in the first amendment, as well as under the invoices originally relied on by the plaintiff. The allowance of the second amendment, claiming attorney's fees, expenses, and damages was proper; and the recovery of attorney's fees and expenses was authorized.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*