ASBURY, executrix, *et al.* *v.* McCALL.

No. 13641. APRIL 18, 1941. REHEARING DENIED MAY 16, 1941.

*Maddox & Griffin,* for plaintiffs.

*Matthews, Owens & Maddox,* for defendant.

REID, Chief Justice. This is a land-registration case. The examiner in his preliminary findings as provided for in the Code, § 60-302, reported that he found upon the records a chain of title to the property from Henry Strickland to J. T. McCall, the applicant. On the final hearing (§ 60-303), the applicant tendered in evidence the examiner's preliminary report, a certified copy of a plat and grant from the State to Henry Strickland, and the orig-

inal deed from C. Edward Davis to J. T. McCall, for the purpose of establishing his title and right to registration. Upon objection by counsel for parties resisting the application, the examiner ruled that "the preliminary report he had filed was a part of the record in said case, but that he would not admit the same in evidence as proof of chain of title of the applicant." The applicant did not offer in evidence any of the deeds shown in the abstract as reported by the examiner, except the deed from Davis. In his conclusions of fact the examiner recited, that, "so far as the evidence before the examiner shows, there is a hiatus from Henry Strickland, the original grantee from the State of Georgia, until the deed from C. Edward Davis to the applicant, a period of 102 years. Not any of the deeds between Strickland and Davis were offered in evidence or accounted for. Therefore my conclusion of fact is that the applicant did not show to the satisfaction of the examiner that he had title . . by chain, and is not entitled to register said lot of land." The examiner's conclusion of law was in part that, no chain of title having been shown, the applicant was not entitled to have the land registered. Exceptions to the report thus filed were taken, substantially all of which challenged the correctness of the examiner's rulings in reference to the competency of the preliminary report to show title. The court overruled the exceptions and confirmed the report denying registration. The applicant sued out a writ of error to this court, excepting to the overruling of his exceptions to the report and to the judgment denying registration. This court reversed the judgment, holding as follows: "The Code, § 60-302, declaring that the preliminary report of the examiner 'shall be prima facie evidence of the contents thereof,' and the said report containing an abstract of title 'as shown by the public records and so far as obtainable from other trustworthy sources,' an applicant seeking to register his title under the land-registration act (§ 60-101 et seq.) may rely upon what is shown in said preliminary report, without introducing in evidence the conveyances specified therein." *McCall* v. *Asbury,* 190 *Ga.* 493 (9 S. E. 2d, 765). Upon the return of the remittitur counsel for objectors moved that the proceedings be remanded to the examiner for a new hearing. The court overruled the motion, and entered final judgment registering the land in the applicant. The case returns here on exceptions to the rulings so made.

In *Holton* v. *Lankford,* 189 *Ga.* 506 (6 S. E. 2d, 304), this court settled the question now presented. Under the ruling there made the proper procedure upon the remittitur being made the judgment of the lower court was to remand the case to the examiner for a de novo investigation. The judgment entered by this court when the case was formerly here that the judgment be reversed, "because the court erred in denying registration of the land involved," did not, when properly construed, amount to special direction that a final judgment be entered on the return of the remittitur registering the land. The exceptions presented when the case was formerly before us were, as stated, to the overruling of applicant's exceptions of law and fact to the examiner's report, and to the final judgment denying registration. Our judgment meant no more than that the final judgment, which was one denying registration in conformity with the finding of fact and conclusion of law of the examiner, was erroneous. See *Schley* v. *Schofield,* 61 *Ga.* 528. For reasons stated, the judgment of the court below is

*Reversed. All the Justices concur.*