## BURGESS *et al.* v. SIMMONS *et al.*

DUCKWORTH, Chief Justice. 1. Upon the previous appearance of this case (*Burgess* v. *Simmons*, 207 *Ga.* 291, 61 S. E. 2d, 410), our judgment was an unqualified reversal without direction. The final judgment there reviewed was one overruling a motion for a new trial; and, although our ruling was based upon the exceptions to rulings on the examiner's findings of law preceding the trial, our judgment was one ordering a new trial because the previous erroneous rulings entered into the verdict and judgment. That reversal restored the case in the trial court to its status before trial with the erroneous rulings on exceptions of law corrected, and hence a new trial was in order. *Walker* v. *Dougherty*,

14 *Ga.* 653; *Schley* v. *Schofield & Son,* 61 *Ga.* 529; *Burch* v. *Swift,* 116 *Ga.* 595 (43 S. E. 64); *Laramore* v. *Jones,* 157 *Ga.* 366 (121 S. E. 411); *U. S. Fidelity & Guaranty Co.* v. *Clarke,* 187 *Ga.* 774 (2 S. E. 2d, 608); *Holton* v. *Lankford,* 189 *Ga.* 506 (6 S. E. 2d, 304). The 1943 amendment of Code (Ann. Supp.) § 60-304 (Ga. L. 1943, pp. 326, 328) does not change the above rule. That amendment does not attempt to authorize a judgment contrary to facts or law nor without there having been an adjudication of both the law and the facts.

2. However, Code (Ann. Supp.) § 60-304 seems to have authorized re-reference of a portion of the case which is assigned as error here.

3. For the reasons pointed out above, the court erred in entering up final judgment, but did not err in rereferring a part of the case to an examiner.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

No. 17711. ARGUED JANUARY 15, 1952—DECIDED JANUARY 29, 1952.

*Martin, Snow & Grant* and *Harris, Harris, Russell & Weaver,* for plaintiffs in error.

*Jas. D. Shannon, Carlisle & Bootle, Miller, Miller & Miller* and *Wallace Miller Jr.,* contra.