18363. FENNELL *v.* FENNELL.

SUBMITTED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953.

*Killebrew & McGahee,* for plaintiff in error.
*Peebles & Burnside, Samuel E. Tyson,* contra.

154

WYATT, Presiding Justice.   The question here presented is whether or not in a proceeding for contempt on account of a failure to pay alimony, where the defendant in that proceeding is held not to be in contempt, and the custody of a minor child is changed, and that judgment is reversed, the trial court can enter a decree without another hearing and the introduction of testimony.   No case has been brought to our attention where the factual situation was the same as in the instant case, and we have found none.

Webster's New International Dictionary (2nd edition) defines "reversed" as follows:   "To revoke, to annul, to overthrow by a contrary decision, to make void, to undo and annul forever as to reverse a judgment, sentence, or decree."   37A Words & Phrases 291 makes use of the following language:   "The term reversed as used in opinions, judgments, and mandates has received by long usage in the courts a settled construction and means setting aside, annulling, or vacating."   In 3 Am. Jur. 690, § 1184, we find the following language:   "To reverse is to vacate or set aside, but it does not include any other affirmative action unless specifically directed by the appellate court."   At page 697, § 1191, "the appellant is restored to the position in which he was before the judgment was pronounced against him."   And at page 707, § 1204, "But if the court is of the opinion that other evidence may be produced on a new trial, or is unable to say that such evidence may not be produced, it will not render final judgment, but will remand the case for a new trial."   In 77 C. J. S. 335, we find the following language:   "Reversed.   To overthrow, set aside, make void, annul, repeal, or revoke; to change to the contrary, or to a former condition; more specifically, to vacate a decree or judgment, and leave it as though it had never been rendered."

We conclude that the effect of the judgment of reversal in *Fennell* v. *Fennell,* supra, was to leave the case as though the judgment there under review had never been rendered.   This court in that case reversed the judgment of the trial court sitting without a jury.   The judgment of reversal was tantamount to the grant of a new trial.

It follows, the action of the trial court in rendering the judg-

ment now under review without the introduction of any evidence was error.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*