## 44302.  TRAVELERS INDEMNITY COMPANY v. WORLEY.

EBERHARDT, Judge. The Travelers Indemnity Company brought suit against L. C. Worley, d/b/a Worley Transfer Company, for additional premiums due which were determined by an audit at the end of the policy year. The insurance contract provided that an estimated premium would be paid by Worley at the inception of the policy year, and that any adjustments to the premium determined to be necessary by Travelers' audit at the conclusion of the policy year would be paid at the completion of the audit. During the course of the policy year, certain of Worley's trucks were of such a size and weight as required that they be rated in a higher premium class because of a prior change in the uniform classification of motor vehicles governed by the Insurance Commissioner. The discrepancy was discovered upon Travelers' audit, but Worley refused to pay the difference between the estimated premium and that which was found to be due on the audit, claiming that Travelers was equitably estopped by not discovering the discrepancy by audit in prior years. When Travelers brought suit, Worley therefore denied liability, setting up the defense of

equitable estoppel, and brought a cross action based on Travelers' cancellation of the renewal policy which was effective prior to the date of the audit.

At the conclusion of the evidence the court directed verdicts for Travelers on both the main and cross actions, but left the amount of the verdict Travelers was to receive to the jury. The testimony of the auditor and underwriter was that the amount due under the audit was $1,831. In addition, Travelers' business records were admitted without objection (see *Code Ann.* § 38-711), and they show on their face that $1,831 was due. The jury returned a verdict for $300, and Travelers appeals. *Held:*

Since the amount due depended upon the earned premium for the policy year as determined by audit, and the evidence is uncontradicted that the balance between the paid estimated premium and the earned premium was $1,831, it was error to enter judgment on a verdict of only $300. Compare *Walker v. Bituminous Cas. Corp.*, 74 Ga. App. 517 (40 SE 228), where the insured under a workmen's compensation policy sued to recover overcharges resulting from rate changes.

*Judgment reversed. Bell, P. J., and Deen, J., concur.*

ARGUED MARCH 4, 1969—DECIDED APRIL 7, 1969.

*Greene, Buckley, DeRieux, Moore & Jones, Edgar A. Neely, III*, for appellant.

*Albert A. Roberts*, for appellee.