44395. SMITH v. SMITH et al.

SUBMITTED APRIL 9, 1969—DECIDED MAY 1, 1969.

620

*Irwin W. Stolz, Jr.,* for appellant.

*Frank M. Gleason,* for appellees.

DEEN, Judge. Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. *Schley v. Schofield & Son,* 61 Ga. 528. This is true even though it does not appear from the record whether or not the losing party can adduce further evidence with which to meet the deficiency pointed out in the appellate opinion. *Monroe Motor Express v. Jackson,* 76 Ga. App. 280, 283 (45 SE2d 445). Where, on the other hand, only a question of law is

involved, as where it is held that a petition fails to set out a cause of action for any relief, the losing party forfeits his right to amend after the judgment of the appellate court on remittitur is made the judgment of the trial court, since the case is no longer pending. *Clements v. Hollingsworth*, 206 Ga. 255, 256 (56 SE2d 505); *Sammons v. Tingle*, 216 Ga. 814 (1) (120 SE2d 124).

Under the Civil Practice Act, amendments properly filed relate back to the date of the original pleading, and the court may in a proper case allow amendments setting forth transactions occurring subsequent to the date of the pleading sought to be supplemented. *Code Ann.* § 81A-115. We are concerned here only with a question of fact: if the child was born in wedlock the consent of the father was necessary to the adoption. Whether or not the child was legitimate was a fact in issue; the Supreme Court held that she was, and that therefore the consent of the father was a condition precedent. Upon this judgment being entered in the trial court the petitioners by amendment offered to supply written proof of such consent. No prior order of dismissal had been taken, the case was still pending at the time the amendment was offered, and the trial judge properly overruled the motion to strike under these circumstances.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*