### 45035. WORLEY v. TRAVELERS INDEMNITY COMPANY.

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 12, 1970.

*Albert A. Roberts,* for appellant.

*Greene, Buckley, DeRieux & Jones, Hugh Robinson, Jr.,* for appellee.

EVANS, Judge. The resulting decision which is the subject

matter of this appeal apparently results from a misinterpretation of *Code* § 6-1804, which is as follows: "The decision of the appellate court, and any direction awarded in the case, shall be certified by the clerk to the court below, under the seal of the court, and shall be respected, and in good faith carried into full effect, by the court below. The remittitur shall contain nothing more, except the costs in the appellate court."

However, it is quite clear from the decisions hereafter cited that the court erred in failing to have a trial de novo in the court below. Doubtless it was felt that the language used by this court authorized him to enter the judgment here on appeal. "If the judgment of the superior court is reversed on every point of exception, or on a single one only, it is entirely vacated; and this is done by placing on the minutes of the superior court, a transcript of the judgment of the Supreme Court. This done, the case stands for trial, de novo, as in the first instance, unless otherwise disposed of, by the order of this court." *Walker v. Dougherty,* 14 Ga. 653 (1). In *Miller v. Jourdan,* 43 Ga. 316, we find the following ruling: "The legal effect of the reversal of the judgment by this court of the judgment of the court below, based upon the verdict of a jury, was to have granted a new trial in the case, and it was error to have adjudged the rights of the parties to this litigation upon the motion." See also *American Associated Companies v. Vaughan,* 210 Ga. 141 (2) (78 SE2d 43); *Fennell v. Fennell,* 210 Ga. 153 (78 SE2d 524). *Mayor &c. of Monroe v. Fidelity & Deposit Co.,* 50 Ga. App. 865 (1, 4) (178 SE 767), came here on exception to the direction of a verdict. After reversal the court entered judgment for the plaintiff in error. This court held: "Although under the ruling of the appellate court as applied to the law and the evidence, the verdict directed for the plaintiff was without evidence to support it and contrary to law, and under the law and the evidence a verdict for the defendant was demanded as a matter of law, the case nevertheless [after reversal] stands on the docket for trial. . . The court erred in disallowing the amendment and in rendering a judgment for the defendant without the intervention of a jury."

In 1878 Judge Bleckley in *Schley v. Schofield & Son,* 61 Ga.

529, 532, speaking for the court, held that a straight judgment of reversal required a new trial although the first opinion had reversed on the ground that plaintiff in error was entitled to judgment as a matter of law since he held priority of lien. He then said: "The reasons given for a reversal, whether expressed in the judgment or in the opinion, are to be respected and applied in conducting the new trial, without any direction to that effect; but to embody these reasons in a new judgment based on the former trial, where there has been no verdict and no special finding of the facts, requires a direction from this court in express terms. And what we direct, is to be ascertained from the judgment which we render; the direction is judgment, not mere opinion, and as judgment it must appear. What the judgment *ought* to have contained is manifest, in the present case, from the opinion of the court . . . ; but what the judgment *does* contain is a reversal with a reason for it but unattended with any direction whatever." While there was a dissent in the case, the Supreme Court has many times cited it in similar circumstances in unanimous opinions. See *Asbury v. McCall,* 192 Ga. 102 (14 SE2d 715); *Burgess v. Simmons,* 208 Ga. 672 (68 SE2d 902); *Rawdin v. Conner,* 211 Ga. 52 (84 SE2d 50).

It has also been recently followed by this court in *Smith v. Smith,* 119 Ga. App. 619, 620 (168 SE2d 609): "Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. *Schley v. Schofield & Son,* 61 Ga. 528. This is true even though it does not appear from the record whether or not the losing party can adduce further evidence with which to meet the deficiency pointed out in the appellate opinion."

Has the new Appellate Practice Act changed the settled law that a reversal without direction results in a vacation of the judgment and a trial de novo? *Code* § 6-1804 has been with us since 1850 and was cited in *Walker v. Dougherty,* 14 Ga. 653, supra, in a holding that such reversal resulted in a new trial. *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226,

238) allows *a party* (not the court) to move for summary judgment, and such a motion may be contested by the opposing party if he has additional evidence not in the record on appeal, for the law of the case is only that the evidence on the former trial was insufficient, not that a new trial might not bring a different result if additional evidence is forthcoming. Under *Code Ann.* § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248) *a party* may, and this litigant might, have moved for judgment notwithstanding the verdict and ended the case when it was here before. He did not so do, and the trial court cannot do it for him. Accordingly, the lower court erred in rendering a judgment without hearing evidence and the intervention of a jury, and the same is reversed in accordance with the above decisions. No ruling is required on the request for an award of damages for delay since the appellant has been successful in obtaining a reversal on appeal.

*Judgment reversed. Deen, J., concurs; Hall, P. J., concurs specially.*

HALL, Presiding Judge, concurring specially. But for the decisions cited in the above opinion I would affirm the judgment of the trial court. On the previous appeal, this court held that "the evidence is uncontradicted that the balance between the paid estimated premium and the earned premium was $1,831. . . ." *Travelers Indem. Co. v. Worley,* 119 Ga. App. 537, 538 (168 SE2d 168). The ruling of the trial judge in entering a judgment for the plaintiff for $1,831 is based not only upon sound principles of judicial administration but common sense. Unfortunately, however, the controlling precedents are based upon the "Doctrine of Contentious Procedure" as espoused in 1878 by Justice Logan E. Bleckley and exposed in 1906 by Roscoe Pound, "The Causes of Popular Dissatisfaction With The Administration of Justice," 29 A.B.A. Rep. 395-417, and again in 1920 by Judge Arthur Gray Powell, "Practice In the Appellate Courts," Report, 37th Annual Session of the Georgia Bar Association 142-162.