**Joseph P. GIORDANO et al.**

v.

**Hiram F. STUBBS et al.**

**Civ. A. No. 15577.**

United States District Court,
N. D. Georgia,
Atlanta Division.
March 30, 1973.

Haas, Holland, Levison & Gibert, Atlanta, Ga., for plaintiff.

Stark & Stark, Lawrenceville, Ga., for Millard Peevy.

Huie & Harland, Atlanta, Ga., for Hiram F. Stubbs.

## OPINION

EDENFIELD, District Judge.

Plaintiffs in the above-styled case sought declaratory and injunctive relief on the grounds that a foreclosure sale, conducted in accordance with Ga.Code Ann. § 67–1506 (1970) and at which defendant Stubbs ["defendant"] purchased property in which plaintiffs claimed an interest, deprived them of their property without due process of law in violation of the Fourteenth Amendment. They prayed for a declaration that Ga.Code Ann. § 67–1506 was unconstitutional, a declaration that the foreclosure sale was null and void, and an injunctive order directing defendant Peevy to make an appropriate entry on the Gwinnett County (Georgia) records cancelling the recordation of a foreclosure deed on the property involved which had been executed by defendant.

On December 17, 1971 this court entered an order on defendant's motion dismissing plaintiffs' complaint under the doctrine of res judicata. Giordano v. Stubbs, 335 F.Supp. 110 (N.D.Ga. 1971). The court held that the constitutional issue raised by plaintiffs had previously been raised by them in a state suit against defendants Stubbs and Pope and ultimately resolved against them by the Georgia Supreme Court in a reported opinion, Giordano v. Stubbs, 228 Ga. 75, 184 S.E.2d 165 (1971).

Plaintiffs appealed the order of this court to the Court of Appeals for the Fifth Circuit.

On November 16, 1972 the Fifth Circuit entered an order returning the case to this court with instructions that this court consider new factual and legal material which the Fifth Circuit had permitted filed as a supplement to the record on appeal but which had never been presented to this court. The Fifth Circuit made clear in its order that it was not expressing any views on the merits of the case and merely desired that this court's judgment be based on a complete record.

The supplementary factual material consists of a recitation of events which followed the entry of this court's order of December 17, 1971.

First, plaintiffs appealed the decision of the Georgia Supreme Court in the state suit to the United States Supreme Court. The sole questions presented by plaintiffs to that Court, as indicated by the "Jurisdictional Statement" they filed in that Court, were the constitutional questions presented to this court. On February 22, 1972 the United States Supreme Court entered an order both dismissing plaintiffs' appeal and denying certiorari. Giordano v. Stubbs, 405 U.S. 908, 92 S.Ct. 960, 30 L.Ed.2d 779 (1972).

Having heard this bad news, plaintiffs, on February 28, 1972, filed in the Superior Court of DeKalb County (Georgia) a "voluntary dismissal" of the state suit they had brought there against defendants Stubbs and Pope in an attempt to execute a well-known Georgia "second-bite-of-the-cherry" maneuver, arguably provided by Ga.Code Ann. § 81A–141(a) (1972),[1] for the express purpose of defeating the application of res judicata.

Defendant reacted with a double-barreled strategy. First, he filed a self-explanatory "motion to disallow voluntary

---

1. This section, a part of the Georgia Civil Practice Act which took effect September 1, 1967, provides, in relevant part, the following:

"Subject to the provisions of section 81A–123(c) [relating to class actions], of section 81A–166 [relating to actions in which a receiver has been appointed], and of any statute, an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. . . . A dismissal

under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim."

Although the Georgia Civil Practice Act was patterned generally after the Federal Rules of Civil Procedure, this particular provision represents a significant departure from Rule 41(a), Fed.R.Civ.P.

dismissal by plaintiff (or in the alternative) that dismissal by plaintiff be declared to be with prejudice" in the Superior Court of DeKalb County on March 6, 1972. The Superior Court ordered plaintiffs to show cause at a hearing set for 10:00 A.M., April 25, 1972 why defendant's motion should not be granted. Next, he filed a "motion for remittitur of judgment with prejudice" in the Georgia Supreme Court on March 9, 1972 in which he asked that Court to include in its remittitur to the Superior Court of DeKalb County an order directing the Superior Court to enter final summary judgment with prejudice in favor of defendants.[2] This motion was briefed by both sides and, on March 23, 1972, the Georgia Supreme Court denied defendant's motion without opinion.

On April 21, 1972 the Clerk of the Georgia Supreme Court transmitted the remittitur of the state suit to the Superior Court of DeKalb County and it was filed in the Superior Court on April 24, 1972. The next day, April 25, plaintiffs and defendant, through counsel, appeared in the Superior Court for the hearing on defendant's motion of March 6.

There appears to be a dispute as to what happened next. According to plaintiffs, their attorney, on his way to the hearing room that morning, stopped by the clerk's office and filed a second "voluntary dismissal" of the state suit between plaintiffs and defendant. Plaintiffs say he did that in order to meet the expected argument that the previous "voluntary dismissal" had been premature because the case was still in the Georgia Supreme Court at the time it was filed. Plaintiffs say the hearing then took place at 10:00 A.M., as scheduled, and the Superior Court took the matter under advisement.

According to defendant, the second "voluntary dismissal" was filed some-time *after* the 10:00 A.M. hearing. Defendant appears to claim that at the hearing both sides argued the validity of the "voluntary dismissal" of February 28, 1972 and that defendant took the position that it was invalid because the Superior Court did not have jurisdiction of the case at the time it was filed. Defendant further claims that he presented the Superior Court with a proposed order at the hearing to make the judgment of the Georgia Supreme Court the judgment of the Superior Court. Defendant agrees that the Superior Court took the matter under advisement.

On May 2, 1972, while the Superior Court still had defendant's motion of March 6 under advisement, defendant filed two new motions: (1) a "motion to disallow voluntary dismissal by plaintiff (or in the alternative) that dismissal by plaintiff be declared to be with prejudice" and (2) a "motion for entry of judgment on remittitur nunc pro tunc". In the first of these motions defendant alleged that the second "voluntary dismissal" had been filed *after* the April 25th hearing and after the Superior Court had taken defendant's motion and proposed order under advisement, and he asked that it be declared null and void or, in the alternative, that the case be dismissed with prejudice. He also reiterated his claim that the "voluntary dismissal" of February 28, 1972 had been invalid because the Superior Court lacked jurisdiction of the case at the time it was filed. In the second motion defendants sought an order entering judgment on the remittitur as of 10:00 A.M., April 25, 1972. In this motion, too, defendant alleged that the second "voluntary dismissal" had been filed after the April 25th hearing and after the Superior Court had taken under advisement defendant's motion of March 6 and defendant's previously tendered proposed order.

2. In the Superior Court both sides had moved for summary judgment. The Superior Court denied both motions but certified its order for review. Both sides appealed. The Georgia Supreme Court reversed the judgment of the Superior Court on defendant's cross appeal and dismissed plaintiffs' appeal.

On July 25, 1972 the Superior Court of DeKalb County entered a "Judgment on Remittitur" making the judgment of the Georgia Supreme Court its judgment "nunc pro tunc the 25th day of April, 1972 at 10:00 A.M." The judgment provided the following:

"* * * Defendant, H. F. STUBB's Motion for Summary Judgment in the above-styled case having previously been denied by this Court and thereafter cross appealed by the Defendant to the Court of Appeals of Georgia which transferred said appeal to the Supreme Court of Georgia, and after reviewing the decision of the trial court, the Supreme Court of Georgia having reversed the decision of the trial court and the remittitur having been returned and filed in this Court on April 24, 1972;

"IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Judgment and decision of the Supreme Court of Georgia is hereby made the Judgment of this Court. * * *"

■ The legal argument plaintiffs now advance is that the second "voluntary dismissal" they filed in the Superior Court, if not the first one, rendered the state suit a nullity ab initio so that res judicata may no longer be asserted by defendants in this case.

The parties have apparently assumed that state law controls as to whether a final judgment on the merits was reached in the state suit between them. However, in this case plaintiffs invoked federal question jurisdiction under 28 U.S.C. § 1331 (1970), not diversity jurisdiction, and it may be that federal law controls on this point.[3] Howard v. Ladner, 116 F.Supp. 783, 790 (S.D. Miss.1953) (three-judge court) (Rives,

J.), judg. vacated sub nom. White v. Howard, 347 U.S. 910, 74 S.Ct. 476, 98 L.Ed. 1067 (1954). See Angel v. Bullington, 330 U.S. 183, 192, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L. Ed. 743 (1946); Baker v. F & F Investment, 420 F.2d 1191, 1193, n. 3 (7th Cir.), cert. denied, Universal Builder's, Inc. v. Clark, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); Embassy Pictures Corp. v. Hudson, 226 F.Supp. 421, 424 (W.D.Tenn.1964). But see, e. g., Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537 (1939–1940). Whatever, the court concludes that even under Georgia law a final judgment on the merits was reached in the state suit and the doctrine of res judicata still applies in this case.

■ Under Georgia law the decision of an appellate court must be respected and in good faith carried into full effect by the court from which the appeal was taken, Ga.Code Ann. § 6–1804 (1964), and generally the lower court fulfills this obligation by promptly entering an order making the judgment of the appellate court its judgment upon receipt of the remittitur. See, e. g., Gay v. Crockett, 219 Ga. 248, 132 S.E.2d 673 (1963). Such an order is known as a judgment on the remittitur. If the appellate court has reversed a lower court's denial of a motion dispositive of a case—such as a motion to dismiss (demurrer) or a motion for summary judgment—the entry by the lower court of a judgment on the remittitur constitutes a final judgment and terminates the case, whereas generally in all other situations the case continues in the lower court until final judgment. See Smith v. Smith, 119 Ga.App. 619, 168 S.E.2d 609 (1969).

---

3. If it had been clear that federal "common" law did control the court would have examined such factors as the nature of the state decision, the adequacy of the hearings afforded the parties, and the opportunities for review, and then would have made a determination as to whether the state suit had reached such a stage that there was no really good reason for permitting it to be litigated again. Lummus Co. v. Commonwealth Oil Ref. Co., 297 F. 2d 80, 89 (2d Cir. 1961), cert. denied 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962). The result of such an analysis in this case would have been the same as the result the court reaches anyway.

Prior to the time the Georgia Civil Practice Act took effect in 1967, it was clearly the law in Georgia that in those situations where the appellate court reversed a lower court's denial of a motion dispositive of the case and transmitted the remittitur back to the lower court, before the entry by the lower court of a judgment on the remittitur the party that lost on appeal could amend its pleadings, Sammons v. Tingle, 216 Ga. 814, 120 S.E.2d 124 (1961); Ware v. Martin, 208 Ga. 330, 66 S.E.2d 737 (1951), or could even dismiss the case entirely. *See* Southeastern Wholesale Furniture Co. v. Atlanta Metallic Casket Co., 84 Ga.App. 271, 277, 66 S.E.2d 68 (1951). However, it was also clearly the law that, in such situations, after the entry by the lower court of a judgment on the remittitur the case was over and the losing party could neither amend nor dismiss. *See, e. g.,* Merck v. Flynn, 205 Ga. 622, 54 S.E.2d 649. Of course, in those situations where the appellate court reversed a lower court's decree which was *not* dispositive of the case, and further findings of fact and conclusions of law were necessary, Georgia law permitted the party which lost on appeal to amend the pleadings or dismiss the case even after the entry by the lower court of a judgment on the remittitur. Holton v. Lankford, 189 Ga. 506, 6 S.E. 2d 304 (1940); People's Bank of Talbotton v. Exchange Bank of Macon, 119 Ga. 366, 46 S.E. 416 (1904); Smith v. Smith, *supra.*

■■ It is likely that the Georgia Civil Practice Act, which brought with it Ga.Code Ann. § 81A–141(a), has not altered the Georgia law set out above. *Cf.* Smith v. Smith, *supra.* Assuming, in plaintiffs' favor, that this is so, the court is of the opinion that the judgment on remittitur entered by the Superior Court of DeKalb County on July 25, 1972 constituted a final judgment and terminated the state suit between these parties. The decision of the Georgia Supreme Court in the state suit reversed the Superior Court's denial of defendant's motion for summary judgment—a motion dispositive of the state suit. It follows that under Georgia law the entry by the Superior Court of an order making the judgment of the Georgia Supreme Court the judgment of the Superior Court brought the state suit to a close. This order by the Superior Court was entered long after it had been made aware through defendant's motions of *both* "voluntary dismissals" filed by plaintiffs and also of defendant's claim that the second "voluntary dismissal" was filed *after* the April 25th hearing. It is to be remembered that the Superior Court's judgment on remittitur was entered nunc pro tunc 10:00 A.M., April 25, 1972—the time the April 25th hearing commenced. Plaintiffs' argument before this court that they dismissed the state suit *before* the Superior Court entered the judgment on remittitur amounts to no more than an assertion that the Superior Court resolved an issue of fact which was before it adversely to plaintiffs and proceeded to enter an erroneous order. Such an assertion might serve as a basis for an appeal to the proper Georgia appellate court of the Superior Court's judgment on remittitur, but it has no place in this court.

Under 28 U.S.C. § 1738 (1970) this court is duty-bound to give the same full faith and credit to the Superior Court's judgment on remittitur as Georgia courts would give it. Since Georgia courts would treat that judgment as a final judgment in the state suit between the parties, this court must do the same.

Plaintiffs have unsuccessfully prosecuted the constitutional issues they raise in this case against the same defendants in a state suit which went through all the proper Georgia courts and the United States Supreme Court. A final judgment on the merits in the state suit was entered against them. It follows that defendants in this case may properly rely on the doctrine of res judicata, and the court sees no reason to depart from or alter its order of December 17, 1971.