Joseph P. **GIORDANO** et al.,
Plaintiffs-Appellants,

v.

Hiram F. **STUBBS** et al.,
Defendants-Appellees.

No. 72–1388.

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1973.

Hugh W. Gibert, Atlanta, Ga., for plaintiffs-appellants.

Homer M. Stark, Lawrenceville, Ga., for Millard Peevy.

Harry L. Cashin, Jr., Simuel F. Doster, Jr., Joe G. Davis, Jr., Atlanta, Ga., for Hiram F. Stubbs.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

The plaintiffs claim that they have been deprived of their property without due process of law by means of Ga.Code § 67–1506:

> "No sale of real estate under powers contained in mortgages, debt, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of sheriff's sales in the county in which real estate, or a part thereof, is located."

Without reaching the merits of the plaintiffs' claim, Judge Edenfield has twice held that the plaintiffs' complaint must be dismissed under the doctrines of res judicata and full faith and credit. Giordano v. Stubbs, N.D.Ga. 1971, 335 F.Supp. 110; Giordano v. Stubbs, N.D.Ga.1973, 356 F.Supp. 1041. Judge Edenfield's rulings were supported by able and thorough opinions in which he meticulously traced the circuitous procedural progress of the case and the difficult questions of state procedure. Any further discussion by this Court was rendered superfluous.

Confining our holding strictly to the doctrines of res judicata and full faith and credit, we hold that the decision of the Georgia Supreme Court in Giordano v. Stubbs, 1971, 228 Ga. 75, 184 S.E.2d

165 (appeal dismissed for want of jurisdiction; treating the appeal as petition for certiorari, certiorari denied 1972, 405 U.S. 908, 92 S.Ct. 960, 30 L.Ed.2d 779), and the entry by the DeKalb County Superior Court of an order making the judgment of the Georgia Supreme Court the judgment of the Superior Court, prevent the federal courts from deciding the merits of plaintiffs' claim. On those issues we agree with and adopt Judge Edenfield's reasoning. The judgment is

Affirmed.