## 49781. GOOLSBY et al. v. ALLSTATE INSURANCE COMPANY.

BELL, Chief Judge.

In a prior appearance (*Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (204 SE2d 789)), we affirmed a judgment for plaintiffs relating to their claim for medical payments under an automobile insurance policy, but reversed the judgment that had been granted to defendant on the pleadings as to plaintiffs' claim under the uninsured motorist coverage. The reason for our reversal was that even though plaintiffs' complaint did not allege that a

judgment had been obtained against the uninsured motorist, compliance with this condition precedent to recovery could have been supplied by the evidence.

After our remittitur was made the judgment of the trial court, defendant served a request for admissions of facts, which the plaintiffs did not answer. By not answering, plaintiffs admitted the substance of the request that they had not obtained a judgment against the uninsured motorist. Defendant thereafter moved for summary judgment based on the pleadings and plaintiffs' "admissions" and the motion was granted. *Held:*

1. On appeal plaintiffs argue that since our prior judgment of reversal was without direction, this requires a hearing de novo on the issues before a jury. Plaintiffs rely on *Worley v. Travelers Indemnity Co.*, 121 Ga. App. 179 (173 SE2d 248).

*Worley,* applied to this case, means that the parties were restored to the position in which they were before the erroneous judgment was pronounced. Thus, when this court reversed the trial court without direction and "[t]he judgment of this court was made the judgment of the court below, the former judgment was thereby vacated, and the case stood for trial de novo as in the first instance . . ." *U. S. Fidelity &c. Co. v. Clarke,* 187 Ga. 774, 782 (2 SE2d 608). Thus the provisions of the Civil Practice Act (Ga. L. 1966, p. 609 et seq.; Code Ann. § 81A-101 et seq.) were applicable to all proceedings in this case which included and permitted discovery and a motion for summary judgment.

As the plaintiffs have admitted that they have no judgment against the uninsured motorist, they cannot recover against the defendant insurer. *Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791(1) (168 SE2d 596). The grant of summary judgment was correct.

2. The remaining enumeration of error has no merit.
*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED JANUARY 29, 1975.

*John S. Boswell, Sr.,* for appellants.

*Young, Young & Ellerbee, F. Thomas Young,* for appellee.